# VAN IDERSTINE, TRUSTEE IN BANKRUPTCY OF FELLERMAN, *v.* NATIONAL DISCOUNT COMPANY.

## APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 136.   Argued January 22, 23, 1913.—Decided February 24, 1913.

A general verdict in an equity case to declare a payment to be a fraudulent preference in favor of the trustee, which was only advisory, and which was practically demanded by the instructions of the court, cannot be treated as a finding of intent by the bankrupt to defraud, of which intent defendant had notice.

There is a difference between intent to defraud and intent to prefer—the former is *malum per se* and the latter *malum prohibitum* and only to the extent forbidden.

A *bona fide* transfer of securities to secure a loan made to one who immediately thereafter becomes a bankrupt is not an illegal preference where the person making the loan has no knowledge that the borrower intends to defraud any of his creditors, even though he may know that the whole or part of the money loaned is to be used to pay some of his debts.

Where error is assigned in the Circuit Court of Appeals, not only on refusal of the trial court to set aside the verdict against, but also for failure to enter a verdict in favor of, defendant, the Circuit Court of Appeals, if it finds facts justifying such action, may reverse and order the complaint dismissed.

174 Fed. Rep. 518, affirmed.

THE facts, which involve the determination of whether a payment by a bankrupt constituted an illegal preference, are stated in the opinion.

*Mr. Abram I. Elkus*, with whom *Mr. Garrard Glenn* was on the brief, for appellant:

At the time of the transfers the bankrupts were insolvent, and knew it.

The bankrupts' dealings with the appellee were part of a scheme by the bankrupts to convert their slow assets into cash, with part of the amount received to preferred favored creditors, and to appropriate the balance to their own use, to the exclusion of their remaining creditors.

Evidence concerning contemporaneous transactions is clearly admissible to show fraudulent intent of a bankrupt. *Benedick* v. *Gill*, 2 McCrary, C. C. Rep. 486; *Fraser* v. *Levy*, 6 H. & N. 15; *Delaware* v. *Ensign*, 21 Barb. 85.

The destruction of a bankrupt's books and records is likewise a strong badge of fraud. *Benedick* v. *Gill*, *supra*.

The appellee was not a transferee in good faith. To avoid a sale actual agreement or conspiracy to defraud creditors does not have to be shown. It is sufficient if facts and circumstances are such as fairly to induce the belief of fraudulent purpose; or, having good reason to suspect such fraudulent purpose, no inquiry is made. *Singer* v. *Jacobs*, 11 Fed. Rep. 559; *In re Pease*, 129 Fed. Rep. 446; *Clements* v. *Moore*, 6 Wall. 299; *Dokken* v. *Page*, 147 Fed. Rep. 438; *Kempner* v. *Churchill*, 8 Wall. 362; *Hyde* v. *Sontag*, 1 Sawy. 249; Fed. Cas. No. 6974; *Wright* v. *Sampter*, 152 Fed. Rep. 196; *Walbrun* v. *Babbitt*, 16 Wall. 577, 582; *Bartles* v. *Gibson*, 17 Fed. Rep. 293, 297; *Metcalf* v. *Moses*, 161 N. Y. 587.

A conveyance may be fraudulent as against creditors even though it is made for an actual consideration or loan. Statute 13 Elizabeth, c. 5; Williams on Bankruptcy, 8th London ed., p. 19; 2 Rich. II, c. 3; 50 Edw. III, c. 6; 3

Henry VII, c. 4; *Cadogan* v. *Kennett*, 2 Cowp. 432; *Graham* v. *Furber*, 14 C. B. 410; *Coder* v. *Arts*, 213 U. S. 223.

In determining whether the conveyance is fraudulent the chief factor is the intended disposition of the consideration. *Coder* v. *Arts, supra.*

As part of the money the bankrupts received from the appellee they applied to their own uses to the exclusion of their creditors, the decree of the Circuit Court of Appeals is clearly erroneous to that extent.

Though the bankrupts used $3,000 of the funds received from the appellee to prefer a favored creditor, the transaction is none the less fraudulent. *Coder* v. *Arts, supra; Sergeant* v. *Blake*, 160 Fed. Rep. 57, 61; *Ex parte Stubbins*, 17 Ch. Div. 58. *In re Maher*, 144 Fed. Rep. 503; *In re Bloch*, 142 Fed. Rep. 674; *Githens* v. *Schiffler*, 112 Fed. Rep. 505, distinguished. See also *New's Trustee* v. *Hunting*, 1 Q. B. 607; 2 Q. B. 19; *In re Lake*, 1 K. B. 710; *In re Blackpool Motor Car Co., Ltd.*, 1 Ch. 77; *Ex parte Taylor*, 18 Q. B. D. 295; *Ex parte Luck*, 49 L. T. 810; *McNaboe* v. *Columbian Co.*, 153 Fed. Rep. 967; *Clarke* v. *Rogers*, 183 Fed. Rep. 518; Hunt on Fraudulent Conveyances, 2d London ed., 1897, p. 165; *Roberts* v. *Johnson*, 151 Fed. Rep. 567; *In re Pease*, 129 Fed. Rep. 446; *In re Berrman*, 112 Fed. Rep. 663; *Ex parte Mendell*, 1 Low. 506; *Crafts* v. *Belden*, 99 Massachusetts, 535; *In re McLam*, 97 Fed. Rep. 922; *Natl. Bank of Newport* v. *Natl. Herkimer Co. Bank*, 225 U. S. 178.

The Circuit Court of Appeals erred in refusing to grant a new trial, instead of dismissing the bill.

The appellate court had the power to grant a new trial. *Edwin* v. *Thomas*, 2 Vern. 75; *Stace* v. *Mabot*, 2 Vesey Sr. 553; *Lord Faulconberg* v. *Pierce*, Amb. 210; *Cleeve* v. *Gascoigne*, Amb. 323; *East India Co.* v. *Bazett*, 1 Jac. 91; *Watt* v. *Starke*, 101 U. S. 247.

A new trial should have been granted. *Allen* v. *Blunt*, 3 Story, 742; *Clyde* v. *Richmond & Danville R. R.*, 72 Fed.

Rep. 121; *Cohen* v. *United States*, 157 Fed. Rep. 651, 655;
207 U. S. 596; *McLaughlin* v. *Potomac Bank*, 7 How. 220;
*Eltho* v. *Lear*, 7 Pet. 130; *Gas Co.* v. *Peoria*, 200 U. S. 48,
54; *Barber* v. *Coit*, 118 Fed. Rep. 272; *Ill. Cent. R. R.* v.
*Illinois*, 146 U. S. 387; *Stand. Comp. Scale Co.* v. *Comput-
ing Scale Co.*, 145 Fed. Rep. 627; *Chi. R. R.* v. *Tompkins*,
176 U. S. 167.

*Mr. Chester H. Fuller*, with whom *Mr. William J. Wal-
lace* was on the brief, for appellee:

The court can in an equity case, at its discretion, sub-
mit the facts to the consideration of the jury; but when
this is done the verdict is merely advisory, and it is the
duty of the court to give an independent judgment upon
its own consideration of the testimony. *Oilwell Supply
Co.* v. *Hall*, 128 Fed. Rep. 875; *Johnson* v. *Harmon*, 94
U. S. 371; *Watt* v. *Stark*, 101 U. S. 247; *Basey* v. *Gallagher*,
20 Wall. 670.

There was no cause of action proved and the direction
by the Circuit Court of Appeals to dismiss the bill of com-
plaint was correct.

Neither under the Bankruptcy Act nor the laws of the
State of New York, in any view that might be taken of
the evidence, was any cause of action established against
this defendant.

Payment by a failing debtor of a legitimate debt, even
though he thereby intends to create a preference, is not
a fraud under the Bankruptcy Act and does not come
within the provisions of § 67e or § 70e of the Bankruptcy
Act. Section 67e applies only to transfers which are
fraudulent at common law and does not apply to pref-
erential transfers. *In re Bloch*, 142 Fed. Rep. 674, 676,
677; *Githens* v. *Schiffler*, 112 Fed. Rep. 505; *Coder* v. *Arts*,
152 Fed. Rep. 943; *In re Maher*, 144 Fed. Rep. 503, 509;
*Tompkins* v. *Hunter*, 149 N. Y. 117; *Delaney* v. *Valentine*,
154 N. Y. 692, 700; *Shotwell* v. *Dixon*, 163 N. Y. 43; *Dodge*

v. *McKechnie,* 156 N. Y. 514, 520; *Ex parte Stubbins, Re Wilkinson,* 17 Ch. Div. 58, 68.

There was no evidence of want of good faith on the part of defendant or to justify a finding that the defendant knew or had reason to believe at the time it made loans to the bankrupt that he was insolvent.

It makes no difference whether or not a man has present obligations which he cannot meet, so long as the actual value of his property is in excess of his liabilities. *In re Hines,* 144 Fed. Rep. 142; *In re Andrews, Hardy* v. *Gray,* 144 Fed. Rep. 922.

In reply to the statements in appellant's brief, complainant's evidence showed that all of this money was used to pay creditors.

As to what appellant calls the additional badges of fraud, they did not exist in fact and the nature and methods of defendant's business afford not the slightest evidence of any bad faith.

Whether or not the use of the borrowed money to pay preferred debts was a fraudulent act so as to render the assignment of the accounts subject to attack under § 67e of the Bankruptcy Act, the view taken by the Circuit Court of Appeals was correct and the authorities cited by the appellant do not support his claim that there was any error in that position. *In re Beerman,* 112 Fed. Rep. 663; *Roberts* v. *Johnson,* 151 Fed. Rep. 567; *In re Pease,* 129 Fed. Rep. 448, distinguished.

MR. JUSTICE LAMAR delivered the opinion of the court.

Van Iderstine, Trustee of Fellerman & Son, brought suit in the United States District Court for the Southern District of New York to set aside a transfer of accounts made to the National Discount Company as security for a loan, alleging that it was a fraudulent conveyance, and that the lending company was charged with notice of Feller-

man's intent to defraud. It is unnecessary to state the facts further than to say that Fellerman and his firm were insolvent, though rated at $50,000 to $75,000 in the Commercial Reports. Having been recommended by another merchant, he applied to the Discount Company to learn the terms on which he could borrow with book accounts as security. He was informed as to the method of doing business and the terms on which it would lend money, which, besides interest, included its customary charge of 5% of the face of the accounts for services in connection with correspondence, collections and the like. He returned in a few days with a number of accounts and applied for a loan of $3,000, stating that he was pressed for funds and needed the money for the purpose of paying a note which matured that day. The accounts were transferred, the money was advanced and Fellerman used it to take up a note, in bank, which had been endorsed by his son-in-law. Two or three days afterwards another loan of $1,000 on similar security was made, and the parties are at issue as to whether the money was used for paying a debt or went into the general funds of the firm and was checked out for other purposes. The day following the last loan a petition in bankruptcy was filed, and after adjudication a Trustee was elected. He then brought this suit to have the transfer set aside and to compel the Discount Company to account for the collections made by it.

The District Judge called in a jury to pass upon the disputed fact. After the introduction of the evidence, which was very conflicting, the court charged the law relating to fraudulent conveyances and the necessity of showing that there had been an intent on the part of Fellerman to defraud, and that the Discount Company had knowledge of such purpose. He, however, refused to charge that it was not fraudulent for the company to advance money to be used by Fellerman in paying legitimate debts,

and instead instructed them that a preference was as much within the terms of the act as though Fellerman had concealed the money from his creditors. The jury made no special finding, but rendered a general verdict in favor of the Trustee. It was approved by the District Judge, who refused to grant a new trial and entered a judgment against the company.

The Circuit Court of Appeals (174 Fed. Rep. 518) made a statement of fact in which it found that it was doubtful if Fellerman intended to defraud; but if he did the Discount Company did not know thereof and was not charged with knowledge by any of the circumstances surrounding the transaction, or by the fact that Fellerman borrowed on hard terms upon the security of book accounts. It therefore reversed the judgment of the District Court and directed that the complaint be dismissed. The Trustee then brought the case here by appeal.

The general verdict of the jury cannot be treated as a finding that there was an intent to defraud of which the Discount Company had knowledge. For whatever view they may have taken on that issue, the verdict in favor of the Trustees was practically demanded by the instructions given. For the District Court charged in effect that the transfer was to be treated as a fraudulent conveyance if the Discount Company made the loan with the knowledge that the money was to be used in paying an existing debt. The finding can therefore be treated as the jury's observance of the instructions, since it was admitted that Fellerman in applying for the loan stated that he needed the money for the purpose of paying a debt due that day in bank. In the absence of any other special finding in the case, and bearing in mind that the verdict of the jury was only advisory, the case being one in equity, we agree with the Circuit Court of Appeals, which held that the Discount Company had no knowledge of any intent on the part of Fellerman to defraud. If so its de-

cree directing the complaint to be dismissed must be affirmed, unless, as matter of law, the transfer is to be treated as a fraudulent conveyance in view of the fact that the company knew that the money was to be used in paying an existing debt.

Conveyances may be fraudulent because the debtor intends to put the property and its proceeds beyond the reach of his creditors; or because he intends to hinder and delay them as a class; or by preferring one who is favored above the others. There is no necessary connection between the intent to defraud and that to prefer, but inasmuch as one of the common incidents of a fraudulent conveyance is the purpose on the part of the grantor to apply the proceeds in such manner as to prefer his family or business connections, the existence of such intent to prefer is an important matter to be considered in determining whether there was also one to defraud. But two purposes are not of the same quality, either in conscience or in law, and one may exist without the other. The statute recognizes the difference between the intent to defraud and the intent to prefer, and also the difference between a fraudulent and a preferential conveyance. One is inherently and always vicious; the other innocent and valid, except when made in violation of the express provisions of a statute. One is *malum per se* and the other *malum prohibitum,*—and then only to the extent that it is forbidden. A fraudulent conveyance is void regardless of its date; a preference is valid unless made within the prohibited period. It is therefore not in itself unlawful to prefer nor fraudulent for one though insolvent to borrow in order to use the money in making a preference. So that even if the Discount Company knew that Fellerman borrowed the money in order to pay off an honest debt, the transfer would not have been subject to attack by the Trustee, except for the fact that a petition in bankruptcy was filed within four months thereafter. But the institution of

such proceedings did not relate back and convert a lawful transfer into a fraudulent conveyance.

Cases, under the present statute, like *In re Beerman*, 112 Fed. Rep. 663, relied on by the trustee, relate to transactions in which the mortgagee was practically the representative of the preferred creditor and where, consequently, the conveyence was as much subject to attack as though it had been made directly to him. But here the Discount Company was not a creditor of Fellerman & Son and had no relation with the persons to whom the money was paid. *National Bank of Newport* v. *National Bank of Herkimer*, 225 U. S. 178. The transfer, therefore, was not a preference to the Discount Company and could not be set aside without proof that it knew that Fellerman not only intended to pay some of his creditors but to defraud others. The difference between the two classes of cases is authoritatively recognized by *Coder* v. *Arts*, 213 U. S. 223, where it was said that "an attempt to prefer is not to be confounded with an intent to defraud, nor a preferential transfer with a fraudulent one."

The Circuit Court of Appeals applied this principle in the present case. Having found that the Discount Company had no knowledge of any intent to defraud, and the evidence supporting that finding, the conveyance cannot be set aside whether the money was used to pay an existing debt or, as claimed, a part was deposited with the general funds of the firm.

It is contended that even if the finding of the Circuit Court of Appeals was correct it should not have ordered the complaint to be dismissed, since the company itself only asked for a new trial. But error was assigned not only on the refusal to set aside the verdict but on the failure to enter a decree in favor of the Discount Company. The facts found by the Circuit Court of Appeals warranted a dismissal of the complaint, and the decree is

*Affirmed.*