### WARTELL v. MOORE.*

(Circuit Court of Appeals, Sixth Circuit. November 5, 1919.)

No. 3300.

1. BANKRUPTCY ⟶458—QUESTIONS PRESENTED BELOW.

In an action to recover as preferential, payment made to defendant, an individual creditor, by bankrupt a few days after buying out his partner and shortly before filing of the petition, where defendant moved for directed verdict on the ground there were no other creditors in his class, contending that those who extended credit to the bankrupt after dissolution of the firm, but in ignorance of that fact, were not individual creditors, *held* that, on error by defendant to review an adverse judgment, where there was no exception to the charge, which left to the jury the question whether defendant had reasonable cause to believe that payment would result in his obtaining a larger percentage of his debt than would be received by other creditors of the same class, the only question which can be reviewed, defendant's motion for directed verdict having been denied, is whether there was evidence tending to show that debts proven in bankruptcy were based upon credit extended to the bankrupt after dissolution of the firm, so that such creditors became individual, instead of firm, creditors.

2. BANKRUPTCY ⟶167—PRESUMPTION AS TO WHETHER ONE EXTENDING CREDIT WAS INDIVIDUAL OR FIRM CREDITOR.

Where the bankrupt obtained credit after he became a second time a sole trader, by buying out his partner, those extending credit, though they acted in ignorance of the dissolution, will not be presumed to have extended credit solely to the firm, and to be merely firm creditors, because of their option to hold the withdrawing partner, where such presumption would preclude the trustee in bankruptcy from recovering as preferential a payment made by the bankrupt to an old individual creditor after dissolution of the firm, on the ground that there were no creditors of the same class as the one to whom payment was made.

3. BANKRUPTCY ⟶178(2)—TRANSFERS VOIDABLE, THOUGH NOT AMOUNTING TO PREFERENCES.

Where the bankrupt, who had begun business as an individual trader, then associated himself with a partner, and finally bought out his partner, paid an old individual creditor- (who had notice that a preference would result) a large sum of money out of the assets of the firm, shortly after dissolution of the firm and within about a month of bankruptcy, the transaction is voidable, under Bankruptcy Act, § 67e (Comp. St. § 9651), if not a preference under section 60b (Comp. St. § 9644), as an attempt to defeat the intended operation of the bankruptcy law.

In Error to the District Court of the United States for the Southern Division of the Eastern District of Michigan; Arthur J. Tuttle, Judge.

---

⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 251 U. S. —, 40 Sup. Ct. 342, 64 L. Ed. —.

Action by Ralph S. Moore, trustee in bankruptcy of Burt P. White, against Herman M. Wartell. Judgment for plaintiff, and defendant brings error. Affirmed.

J. Shurley Kennary, of Detroit, Mich., for plaintiff in error.
F. C. Miller, of Ionia, Mich., for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and McCALL, District Judge.

DENISON, Circuit Judge. This case involves the right of a bankruptcy trustee to recover a preference under section 60b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 562 [Comp. St. § 9644]). The bankrupt, White, carried on a commission business in poultry, eggs, etc. For the sake of buying into that business, he had borrowed $1,500 from Wartell, with the expectation that the loan would be carried for some time. Later White took Kaufman into partnership, and they continued the same business. On November 20, 1915, White bought out Kaufman, took over the business and all its assets for himself, and promised Kaufman to pay all the partnership debts. These amounted to about $6,000. On November 26th he repaid Wartell the $1,500 loan, making payment out of the assets thus recently taken over. On December 29th, he filed a voluntary petition in bankruptcy. If the partnership debts assumed by him be included in his liabilities, he was insolvent on November 20th, and continuously thereafter.

The trustee's action to recover this Wartell payment as a preference was brought at law, and tried in the court below before a jury. The only question rightly preserved for review in this court is whether a verdict should have been instructed for Wartell, and the case, upon its facts, is not such that we are inclined to consider any error now alleged, and as to which there is any deficiency for lack of exception. More specifically, the only question is whether the evidence tended to show that there were other creditors of the same class as Wartell, who were prejudiced by the payment to him. His argument is that on November 26th he was a creditor of White as an individual; that all the other creditors had no claim against White, excepting as a member of the partnership of White & Kaufman; that all the business assets were then in the individual estate of White; that Wartell was entitled to priority in these assets as against the partnership creditors; and that he did not receive a larger percentage than other creditors of the same class, because there were no others of the same class.

Certain aspects of this question argued by counsel present difficulties which we think it not necessary to meet. When counsel for Wartell presented his motion to direct a verdict, and insisted that the proofs did not show the existence of any other creditors of the same class as Wartell, the court said that it seemed as though there must be, among the body of creditors who had proved their claims, some who had become creditors after he had resumed business in his individual capacity, and who therefore would be individual rather than partnership creditors, even if it should be thought that the partnership creditors, existing on November 26th, could have in this proceeding no other status. Wartell's counsel said that this was a matter to be

proved by the trustee, and that there had been no proof. The trustee's counsel replied that the books were in evidence, and that the books showed the facts as assumed. Wartell's counsel, not questioning that the books were in evidence, nor that they showed, as among the debts existing at bankruptcy, items which had accrued after November 20th, insisted that the inference of individual indebtedness was not authorized, because, he said, no notice of the dissolution of the partnership and continuance of the business by White alone had been sent to those dealing with the firm or had been publicly given, and hence it would be presumed that those who later furnished goods to the concern became partnership rather than individual creditors. The court overruled this contention, denied the ·motion to instruct, told the jury that upon the conceded facts the payment to Wartell gave him a larger percentage than would be received by other creditors of the same class, and left to the jury only one question of fact, viz. whether Wartell had reasonable cause to believe that this result would follow. No exception was taken to the charge. The jury found for the plaintiff trustee.

[1, 2] Under this state of the record, it is clear that the ultimate position on which counsel finally stood in support of his motion for directed verdict, and the only matter which the trial court understood was presented to him for decision (and thus the only specific question for this court), was the claim that there was no evidence tending to show that debts which had been proved in bankruptcy were based upon credits extended to White personally, rather than to the former partnership. It was not contended, in this connection, that November 26th, the date of the payment to Wartell, was the critical date, but only that there should be no inference that any individual credit was given after November 20th. The question of law, whether individual creditors who became such after November 26th could be considered as "of the same class" for the purposes of section 60b, was not presented to the trial court, and cannot be considered by us. Upon the question which we have said is thus the only specific one for us, we find: (1) The natural presumption which would arise out of common knowledge of the methods of conducting such a business, in which it would be normal for new debts to arise from day to day as the old were paid off; (2) the express testimony found in the record that debts existing on November 20th had been paid before bankruptcy to the extent of the major part thereof; and (3) the practical concession by counsel in the colloquy with the court that the books which were in evidence did show this state of facts.

We think the position on which counsel relied to escape the force of these facts is untenable. Creditors who have been dealing with a partnership, and who continue to furnish credit to the concern after it has become the ·personal business of one of the partners, and who have no notice of the change, have a right to enforce their new debt against the old partnership; but this is an option. The truth is that the debt accrued against the new concern, but the old partners are estopped to make this defense, because, by failing to give notice, they had misled the creditors. Surely, in the absence of any exercise

by the creditors of this optional right to hold the old concern, there can be no legal presumption that their debt is not against the new business, but is against the old; yet to this presumption the position of counsel must come.

[3] We think it clear that the motion to direct was rightly denied. We are the better content to dispose of the case upon a somewhat strict construction of the right to review, because the transaction shown by the peculiar facts of this case, even if it might be thought to lack some element necessary to a voidable preference under section 60b, was nevertheless voidable under section 67e (Comp. St. § 9651), as an attempt to defeat the intended operation of the Bankruptcy Law. Watson v. Adams (C. C. A. 6) 242 Fed. 444, 445, 155 C. C. A. 217.

The judgment is affirmed.