**BAILEY v. ROSS.**
No. 433.

Circuit Court of Appeals, Tenth Circuit.
Nov. 18, 1931.

Ross H. Comly, of Loveland, Colo. (Reed Babcock, of Fort Collins, Colo., on the brief), for appellant.

Before LEWIS and McDERMOTT, Circuit Judges, and JOHNSON, District Judge.

McDERMOTT, Circuit Judge.

A creditor of the bankrupt appeals from an order of the trial court granting a discharge. The appellant contends that the evidence conclusively shows that the bankrupt, within a year prior to the filing of the petition, transferred his property "with intent to hinder, delay, or defraud his creditors." 11 USCA § 32 (b) (4). There is no substantial dispute as to the facts.

The bankrupt was an honest straightforward young farmer who made a persistent but unsuccessful effort to get out of debt. He owned personal property of the value of about $2,500. All of it was mortgaged to his local bank to secure an indebtedness of about $2,200. The bank was about to foreclose; the bankrupt wanted the bank to carry him through another crop, and to advance him some more money. Other creditors were pressing him, and the bank was unwilling to carry him further unless he would make a bill of sale to his wife. This the bankrupt did; but he did so, not with any intent to defraud creditors, but to secure further advancements from the bank and to prevent an immediate foreclosure. The bank then took a mortgage from the wife. Several months thereafter another creditor, ignoring the transfer, levied an execution on the mortgaged property. The bank advanced another $1,000 on this slender security and paid off the execution creditor. The validity of the bank's mortgage has not been challenged.

The appellant contends that the effect of the transfer was to hinder and delay creditors, and that the law imputes the intent from the act. It is very doubtful if this "transfer" in fact hindered or delayed any creditor; but passing that, the contention is not a sound one. If appellant is correct, a preferential transfer is necessarily a fraudulent one, for its effect is to hinder and delay other creditors. But the Supreme Court of the United States has held otherwise. Dealing with this clause of the Bankruptcy Act, the Supreme Court in Coder v. Arts, 213 U. S. 223, 242, 29 S. Ct. 436, 443, 53 L. Ed. 772, 16 Ann. Cas. 1008, held: "This form of expression is familiar to the law of fraudulent conveyances, and was used at the common law, and in the statute of Elizabeth, and has always been held to require, in order to invalidate a conveyance, that there shall be actual fraud; and it makes no difference that the conveyance was made upon a valuable consideration, if made for the purpose of hindering, delaying, or defrauding creditors. The question of fraud depends upon the motive. Kerr, Fraud & Mistake, 196, 201. The mere fact that one creditor was preferred over another, or that the conveyance might have the effect to secure one creditor and deprive others of the means of obtaining payment, was not sufficient to avoid a conveyance; but it was uniformly recognized that, acting in good faith, a debtor might thus prefer one or more creditors. Stewart et al. v. Dunham et al., 115 U. S. 61, 5 S. Ct. 1163, 29 L. Ed. 329; Huntley v. Kingman & Co., 152 U. S. 527, 14 S. Ct. 688, 38 L. Ed. 540." And in the concluding paragraph of the opinion, the court met this case squarely when it held that there was no fraud if the bankrupt in conveying his property "acted in good faith, with a view to preserving his estate, and enabling him to meet his indebtedness." This decision was followed by Van Iderstine v. Nat. Discount Co., 227 U. S. 575, 33 S. Ct. 343, 57 L. Ed. 652. See, also, In re Goodwine (C. C. A. 7) 298 F. 81; Farmers' Sav. Bank v. Allen (C. C. A. 8) 41 F.(2d) 208; Remington on Bankruptcy, §§ 3312–3317, and cases cited in 11 USCA § 32, notes 261–321. Sinclair v. Butt (C. C. A. 8) 284 F. 568, is not opposed; that case involved another clause, and the bankrupt conceded that his oath was "knowingly false."

A fraudulent transfer may be found as a matter of law, as in the case of a transfer by an insolvent without consideration; or, if the transfer be for a consideration, there may be an actual intent to defraud or delay. Fraudulent transfers by bankrupts are the subject of two scholarly opinions, one by Circuit Judge Sanborn in Sargent v. Blake (C. C. A. 8) 160 F. 57, 17 L. R. A. (N. S.) 1040, 15 Ann. Cas. 58, and the other by

Circuit Judge Rogers in In re Julius Bros. (C. C. A. 2) 217 F. 3, L. R. A. 1915C, 89. These opinions make it unnecessary to pursue the matter further, for the evidence conclusively shows that this transfer was not fraudulent, either in law or fact. The transfer was upon ample consideration; the transaction was between the bankrupt and the bank; in consideration of the bank forbearing foreclosure and carrying him through another crop year, the bankrupt agreed to and did transfer the property to his wife. If the transfer had been to the bank, no one would claim lack of consideration; that it was to the nominee of the bank does not alter the situation. No one asserts there was any actual fraud; on the contrary, the evidence is conclusive that the bankrupt did not intend to defraud or delay any one; what he intended was what he accomplished—to get the bank to carry him through another crop year.

There was no reason for objecting to his discharge, and the order granting it was right and is affirmed.