## COLEMAN v. POTTER TITLE & TRUST CO.
### No. 7399.

District Court, W. D. Pennsylvania.
Aug. 8, 1933.

744

Kountz & Fry, of Pittsburgh, Pa., for plaintiff.

Howard Zacharias, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action by a trustee in bankruptcy to recover from the defendant bank $5,100, as a fraudulent payment within the purview of section 67e of the Bankruptcy Act, 11 USCA § 107 (e).

At the conclusion of the testimony, the court gave binding instructions for the defendant, because the plaintiff had failed to make out such a case of fraud as would entitle the trustee in bankruptcy to recover from the bank.

This instruction on the part of the court, the plaintiff contends, was error, and in further support of his motion for a new trial, on the date of argument for the motion, the plaintiff filed a petition showing that subsequent to the trial date, the referee in bankruptcy found that the bankrupt had fraudulently concealed assets from his trustee in bankruptcy; and directed a turnover of these assets.

At the trial, it appeared from the evidence that the bankrupt is lawfully indebted to the bank on promissory notes indorsed by his brother-in-law, Louis E. Bennett, in the sum of $7,300, and that within six weeks of bankruptcy, the bankrupt paid to apply on this note indebtedness to the bank, the following amounts: On November 30, 1931, $900; on December 16, 1931, $1,500; and on December 30, 1931, $2,700.

There were, however, no facts proved from which a jury could find that there had been actual fraud in the matter of payment of this $5,100. The most that could be said was that there was an intent to prefer the defendant bank to that extent, but this action is not under the preferential provisions of the Bankruptcy Act; it is under the provisions of section 67e, wherein it is incumbent upon the trustee to show actual fraud before a recovery can be had. Coder v. Arts, 213 U. S. 223, 242, 29 S. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; Van Iderstine v. National Discount Co., 227 U. S. 575, 583, 33 S. Ct. 343, 57 L. Ed. 652; Sargent v. Blake (C. C. A.) 160 F. 57, 17 L. R. A. (N. S.) 1040, 15 Ann. Cas. 58.

The evidence in the case might have justified the submission of the case to the jury on the question of whether or not there was a preferential payment to the bank, but the fact is not sufficient to submit the case to the jury on the question of fraud. The case of Coder v. Arts, supra, points out on page 241 of 213 U. S., 29 S. Ct. 436, 443, that "an attempt to prefer is not to be confounded with an intent to defraud, nor a preferential transfer with a fraudulent transfer." This case further makes it plain that section 67e, requires the surrender only of such transfers that would have been fraudulent at common law, or would constitute an act of bankruptcy under section 3 of the act (11 USCA § 21).

Again, as the Supreme Court, in Van Iderstine v. National Discount Company, supra, pointed out on page 582 of 227 U. S., 33 S. Ct. 343, 345: "The statute recognizes the difference between the intent to defraud and the intent to prefer, and also the difference between a fraudulent and a preferential conveyance. One is inherently and always vicious; the other innocent and valid, except when made in violation of the express provisions of a statute. One is malum per se and the other malum prohibitum,—and then only to the extent that it is forbidden. A fraudulent conveyance is void regardless of its date; a preference is valid unless made within the prohibited period."

The most that we can get out of the evidence in this case is possibly there may have been a preferential payment to the bank, but we cannot find any evidence that the payment was a fraudulent one, or made collusively with the bank.

Now, as to the additional reason suggested by the plaintiff in his petition filed on the date of argument, the fact that the referee found that the bankrupt concealed assets from the trustee would not have evidential bearing upon the matter at issue in the present case. In any event, it could not come under the class of after-discovered evidence, which would justify granting a new trial.

The plaintiff's motion for a new trial will be denied.

PER CURIAM.

Now, August 8, 1933, plaintiff's motion for a new trial is denied.