In re LUPO.

No. 66958.

United States District Court,
N. D. Ohio, E. D.

July 23, 1951.

Theodore E. Warren, Ashtabula, Ohio, trustee.

Walter L. Barsky, Ashtabula, Ohio, for trustee.

Albert A. Gilman and Morris R. Blane, Cleveland, Ohio, for bankrupt.

McNAMEE, District Judge.

The single issue presented in this review is whether the Referee erred in refusing to grant the bankrupt a discharge. The facts upon which the issue arises are:

Albert Franklin Lupo, doing business as the Lupo Company of Ashtabula, Ohio, filed his petition for an Arrangement under Chapter XI of the Bankruptcy Act, 11 U.S. C.A. § 701 et seq., on March 18, 1950. Thereafter, on April 13, 1950, with his consent, Lupo was adjudicated bankrupt. The petition was executed by the bankrupt on March 13, 1950, five days before it was filed. Theodore E. Warren of Ashtabula is the duly elected, qualified and acting Trustee in Bankruptcy.

In the schedules filed with the petition for Arrangement, bankrupt listed assets of $5,000 and liabilities of $30,554.72. In Schedule A-2 he listed his brother, Victor Lupo, as a creditor holding a mortgage on real estate for $2,500. On March 3, 1950, ten days before he executed the petition for Arrangement, the bankrupt gave his brother, Victor Lupo, a promissory note in the sum of $2,500 secured by mortgage on his real estate.

The Trustee filed objections to the discharge of the bankrupt on four grounds, the first, second and fourth of which were overruled by the Referee. Objection No. 3 to the discharge was sustained. In this objection the Trustee averred that the bankrupt transferred a mortgage for $2,500 on real estate within twelve months prior to the filing of his petition, to his brother, Victor Lupo, with intent to defraud and hinder his creditors.

At a hearing on the objections to a discharge held on January 10, 1951 the following stipulation was dictated into the record by the Referee: "As to the third specification, which has to do with a mortgage given by the bankrupt to his brother, the bankrupt testified that he owed his brother, from 1946, some $2500; that in April or March, shortly before the filing of this bankrupt proceeding, he gave his brother a new note and mortgage for the same amount and this mortgage was offered in evidence, as appears in the photostatic copy, Trustee's exhibit 6, and that this was a renewal of an old debt and the mortgage was given in March or April of 1950, and there is no testimony that any other money was given since the debt was incurred in 1946."

The foregoing statement, which apparently is a summary of the testimony taken at the general examination of the bankrupt, is the only proof received at the special proceeding on the Trustee's objections to the discharge on the issue whether within twelve months prior to the filing of his petition the bankrupt transferred a mortgage on real estate to his brother with intent to defraud his creditors.

In his Finding of Facts the Referee *inter alia* held as follows: "5. That the proof established that bankrupt owed his brother, Victor Lupo, an old obligation of $2500 on contract made in 1946, being for Victor's share in the partnership business then purchased by bankrupt."

In his Conclusions of Law filed with the Certificate of Review the Referee held: "(2) That, where the facts show that a bankrupt by giving a mortgage to his brother upon the only real estate he had any interest in within the year (in this case ten days before signing his petition), and while insolvent, such transfer is a gift of security to a relative and is a fraudulent transfer as a matter of law, irrespective of bankrupt's actual motive."

The conclusion of law that the transfer "is a gift of security to a relative" fails to give effect to the Referee's finding of fact that the bankrupt owed his brother a four-year old debt of $2,500. In view of this finding of fact the transfer of the mortgage to secure the debt cannot be considered as a gift. It must be held to be a preference. As stated by Mr. Justice Brandeis in Dean v. Davis, 242 U.S. 438, 443, 37 S.Ct. 130, 131, 61 L.Ed. 419: "Preference implies paying or securing a pre-existing debt of the person preferred."

This statement of the distinguished Justice epitomizes the statutory definition of preference as found in Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96.

It is urged by the bankrupt that absent a finding that the transfer was made with actual intent to defraud creditors, the Referee's denial of a discharge is contrary to law. Section 14, sub. c(4) of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(4), provides: "c. The court shall grant the discharge unless satisfied that the bankrupt has * * * (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, any of his property, with intent to hinder, delay, or defraud his creditors * * *".

The intent referred to in the statute must be an actual as distinguished from a constructive fraudulent intent. Collier on Bankruptcy, 14th Ed., Vol. 1, pp. 1381-2,

states the applicable rule as follows: "In order to justify a refusal of discharge under Sec. 14(c) (4), it must be shown that the acts complained of were done with an intent to hinder, delay, or defraud his creditors. This intent, moreover, must be an actual fraudulent intent as distinguished from constructive intent."

The same authority observes that an intent to prefer is not a substitute for an intent to defraud. Collier on Bankruptcy, Vol. 1, p. 1383. The distinction between an intent to prefer and an intent to defraud is recognized and defined in Van Iderstine v. National Discount Co., 227 U.S. 575, 582, 33 S.Ct. 343, 345, 57 L.Ed. 652, wherein the court says: "The statute recognizes the difference between the intent to defraud and the intent to prefer, and also the difference between a fraudulent and a preferential conveyance. One is inherently and always vicious; the other innocent and valid, except when made in violation of the express provisions of a statute. One is *malum per se* and the other *malum prohibitum,*—and then only to the extent that it is forbidden."

The distinction is also noted in Coder v. Arts, 213 U.S. 223, 29 S.Ct. 436, 53 L.Ed. 772, as follows: "An attempt to prefer is not necessarily an attempt to defraud, nor is a preferential transfer always a fraudulent one. The question of fraud depends upon the motive, and in order to invalidate a conveyance as one made to hinder, delay or defraud creditors within the meaning of § 67e of the bankruptcy act [11 U.S.C.A. § 107, sub. e] actual fraud must be shown."

In Re Richter, 2 Cir., 57 F.2d 159, the facts of the case disclosed both a preferential transfer and one made with intent to defraud. In that case the bankrupts were two brothers, David Richter and Abraham Richter, members of a partnership. The court held that funds withdrawn from the partnership account by David Richter and given to his wife without any showing that the wife had a claim against either of the partners or the firm, constituted a fraudulent transfer warranting a refusal of a discharge. But the court held also that a withdrawal of funds by the other bankrupt partner, Abraham Richter, to repay his wife for moneys advanced by her to the firm was a preference and not a fraudulent transfer. The third syllabus of the Richter case reads: "Bankrupt's payment of existing debt, though recoverable as preferential transfer, is not bar to discharge."

The second syllabus of In re Gould, D.C., 31 F.Supp. 793, 794, affirmed Gould v. Niagara Sprayer & Chemical Co., 2 Cir., 110 F.2d 528, reads: "As respects right to discharge, a voidable preference of one creditor of bankrupt does not constitute 'transfer of property with intent to hinder, delay, or defraud his creditors.'"

The same principle was recognized and applied in Re Worley, D.C., 47 F.Supp. 212.

■■ That a preferential transfer may also be a fraudulent one is not to be doubted. When accompanied by an actual intent to defraud creditors a preferential transfer is brought within the purview of Sec. 14, sub. c(4) of the Bankruptcy Act. But to be effective to deny a discharge it must appear that the preferential transfer was made with a design to defraud creditors beyond that implied in making a preference. As stated in Irving Trust Co. v. Chase National Bank, 2 Cir., 65 F.2d 409-410: "It is difficult to imagine a preferential transfer which does not incidentally hinder and delay creditors, for, whenever an insolvent debtor pays one of his creditors in full, he thereby puts the cash or property so used beyond the reach of execution by the others. Pro tanto every preference hinders and delays them. If the debtor is aware that it will necessarily have that result, the transfer would seem to be made with an intent to hinder, delay, and defraud the other creditors; yet the securing or paying of an actual debt, in good faith, without any design injurious to creditors beyond that implied in giving the preference, was not deemed a fraudulent conveyance under the principles of the common law and the statute of Elizabeth. Stewart v. Dunham, 115 U.S. 61, 66, 5 S.Ct. 1163, 29 L.Ed. 329; Huntley v. Kingman & Co., 152 U.S. 527, 532, 14 S.Ct. 688, 38 L.Ed. 540; Davis v. Schwartz, 155 U.S. 631, 640, 15 S.Ct. 237, 39 L.Ed. 289. Nor is it so under the Bankruptcy Act. This was definitely declared in Coder v. Arts, 213 U.S. 223, at page 242,

29 S.Ct. 436, 444, 53 L.Ed. 772, 16 Ann. Cas. 1008."

In the instant case there was no finding by the Referee that the transfer was made with an actual fraudulent intent to hinder, delay, or defraud creditors. The Referee's Conclusion of Law is that the transfer is "fraudulent * * * as a matter of law irrespective of the bankrupt's actual motive."

While fraud may be inferred from the making of a voluntary transfer, such as a gift, while the debtor is insolvent, such inference does not arise as a matter of law in the case of a preferential transfer. As said in Coder v. Arts, supra, "the question of fraud depends upon the motive". There being no finding that in transferring the mortgage to his brother the bankrupt was motivated by an intent to defraud, the Referee's decision refusing to grant the bankrupt a discharge is reversed. This cause is remanded to the Referee for a determination whether the transfer of the mortgage is a voidable preference.