COMMOPTS, INC., a corporation, Bankrupt-Appellant,

v.

Frank CHINN et al., Creditors-Appellees.

No. 74–3085.

United States Court of Appeals, Ninth Circuit.

June 8, 1976.

Richard S. Burriss (argued), Los Altos, Cal., for bankrupt-appellant.

Joseph Maltaman (argued), Daly City, Cal., for creditors-appellees.

## OPINION

Before CHAMBERS, MERRILL and KENNEDY, Circuit Judges.

MERRILL, Circuit Judge:

Officers of Commopts, Inc., on behalf of the corporation, transferred to themselves over $100,000 of corporate funds. Certain employee-creditors petitioned for an adjudication in bankruptcy, contending that that payment constituted an act of bankruptcy under 11 U.S.C. § 21(a)(1), in that the corporation by this act of its officers "concealed, removed, or permitted to be concealed or removed * * * part of [the corporation's] property, with intent to hinder, delay or defraud [its] creditors * * *." The bankruptcy court agreed and entered an order adjudicating the corporation a bankrupt. The district court affirmed and this appeal was taken by the bankrupt.

Before the bankruptcy court the corporation asserted that transfer to the officers was to get the funds safely beyond the reach of the California Commissioner of Corporations, the SEC and the equity receiver of one of the corporation's debtors. Thus the corporation in effect asserted that it meant to conceal the funds, but only as to certain claimants who were not creditors within the meaning of § 1(11) of the Bankruptcy Act, 11 U.S.C. § 1(11). The bankruptcy court found otherwise: that the officers intended to keep the funds received for their own use on account of sums allegedly owing to them. This determination cannot be said to be clearly erroneous.

On appeal the corporation contends that an intent to hinder, delay or defraud creditors requires something more

than an attempt to prefer one creditor over another; that such an intent cannot be found from paying a creditor that which is due him. This may well be true where the preferred creditor is not connected with the bankrupt as business associate or member of the family. We cannot say the rule would be the same where such relationship does exist. *See Van Iderstine v. National Discount Co.*, 227 U.S. 575, 582, 33 S.Ct. 343, 57 L.Ed. 652 (1913). We need not reach that question, however. The burden is not on the petitioners to disprove every possible justification for the removal of the corporate funds. Petitioners' burden is only to establish a prima facie case of concealment or removal with intent to delay or disappoint creditors, and such was met here by evidence of the officers' transfer of corporate funds to themselves. It was then incumbent on the corporation to establish justification. The tendered justification, rejected by the court, was wholly inconsistent with a bona fide intent to apply the sums on debts owing by the corporation. Although there was some testimony to the effect that sums were owing to the officers in excess of the amounts appropriated, this was insufficient to establish the nature and extent of the corporate debt and the acceptance of the funds by the creditors as payment on account. The record thus fails to establish that deposit of corporate funds in the officers' bank accounts constituted payment to creditors of sums owing to them.

■ Appellant contends that certain of the petitioners had assigned their wage claims to the California Labor Commissioner pursuant to Calif.Labor Code § 96 and thus no longer could be considered creditors; that, excluding them, the petition was not filed by three or more creditors as required by § 59(b) of the Bankruptcy Act, 11 U.S.C. § 95(b).

In our judgment, assignment to the Labor Commissioner did not serve to deprive a claimant of the status of real party in interest or creditor. The assignment was not the usual sort that results in payment of the debt and thus extinguishes the assignor's interest. It was a procedural step looking toward collection of the claim and payment to the claimant in the future. We see no reason why such assignment and recovery by the Labor Commissioner must be regarded as the sole remedy of the creditor or why, so long as double recovery cannot result, the wage claimant should not be deemed to retain interest in his claim sufficient to support action in his own behalf.

■ Appellant contends that its employment contract was for payment of commissions only after payment had been received by the corporation. The bankruptcy court found to the contrary, and we agree. Evidence of the corporate practice of delaying payment of commissions does not require a contrary result. The corporation contends that the contract was impliedly modified by the practice in which the parties engaged. In our judgment that evidence, as matter of law, was insufficient to establish a bilateral intent to modify. The practice was short in duration and was accompanied by complaints on the part of the employees.

We find no error in the court's determination with respect to solvency or in its exclusion of certain evidence.

Affirmed.