**In re Herman H. DAVIS, Individually and t/a Davis Drywall,**

**Helen E. Davis, Individually and t/a Davis Drywall, Bankrupts.**

**SONNY'S, INC., Plaintiff,**

**v.**

**Herman H. DAVIS, Individually and t/a Davis Drywall,**

**Helen E. Davis, Individually and t/a Davis Drywall, Defendants.**

Bankruptcy Nos. 78–00538 G, 78–00516 G.

United States Bankruptcy Court, D. Maryland.

April 8, 1980.

James M. Greenan, for plaintiff.

James Hirschman, Fort Washington, Md., for defendants.

STATEMENT OF FACTS AND CONCLUSIONS OF LAW ON COMPLAINT OBJECTING TO DISCHARGE

STATEMENT OF FACTS

GLENN J. GOLDBURN, Bankruptcy Judge.

The husband and wife bankrupts operated a business as individuals and trading as

Davis Drywall Contracting for several years. After experiencing financial problems, they consulted counsel who advised them to cease operations of the business effective March 9, 1978. On March 28, 1978, Linda F. Reynolds, sister of the bankrupt Helen E. Davis, filed articles of incorporation for Davis Drywall Contractors, Inc. with the appropriate Maryland agency. Bankrupt Herman H. Davis is the president of the corporation and he, his wife and Ms. Reynolds are the only directors and officers. Mr. Davis manages all of the operations of the business except for the books which are maintained by his wife and Ms. Reynolds who reviews the books every few months.

In April, 1978, Ms. Reynolds loaned the corporation $5,000.00, the repayment of which was guaranteed by the bankrupts. The corporation made several loans to the bankrupts and their son, with interest ranging from none to six per cent, some of which have been repaid. On April 21 and 25, 1978, the bankrupts filed their voluntary petitions, but their schedules did not disclose any interest in the corporation. Mr. Davis listed his occupation as "self-employed drywall contractor" for a period of ten years. At the time the petitions were filed, the corporation, which is not a bankrupt, had more then $3,000.00 in cash. The attorney for the bankrupts and the attorney who advised Ms. Reynolds regarding the corporation share office space. Neither of the bankrupts have a high school education.

## CONCLUSIONS OF LAW

The plaintiff alleges that the bankrupts should be denied a discharge in bankruptcy under Section 14c(4) of the Bankruptcy Act which provides that "The court shall grant a discharge unless satisfied that the bankrupt has at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed or concealed, any of his property with intent to hinder, delay, or defraud his creditors."

The plaintiff also alleges a violation of Title 18, United States Code, Section 152 (1960) in that the bankrupts knowingly and fraudulently made false oaths in their bankruptcy petitions and at their first meeting of creditors, because they failed to disclose their interest in the corporation.

Where a bankrupt within four months of bankruptcy transferred his more profitable stores to a corporation, obtaining practically all of its stock, but it did not appear that he was guilty of any actual intent to hinder and delay creditors, his discharge was not denied, on the theory that such a transfer was, as a matter of law, one to hinder, delay, and defraud creditors. *In re Braus*, 248 F. 55 (N.Y.1917). The making of a preferential transfer by a bankrupt did not as a matter of law justify a decision refusing to grant the bankrupt a discharge, in the absence of finding that the bankrupt was motivated by intent to defraud. *In re Lupo*, 101 F.Supp. 499 (D.C.Ohio 1951). Where a bankrupt's application for discharge was objected to on the ground of alleged transfers of property within 12 months preceding the filing of a voluntary petition in bankruptcy, the Court was required to determine whether transfers were made with intent to hinder, delay, and defraud creditors within the meaning of the Act. *In re Peters*, 39 F.Supp. 38 (D.C.N.Y. 1941).

 Although assets of the bankrupts may have been permitted to be removed or concealed, the Court concludes from the evidence that the bankrupts lacked the necessary intent to hinder, delay or defraud and acted solely upon the advice of counsel. Neither of the bankrupts have more than an elementary school education, and, as Ms. Reynolds testified regarding Herman Davis: "He really doesn't understand too much business wise. He was afraid to do anything himself." Additionally, the Court concludes that the bankrupts did not violate 18 U.S.C. Section 152 because they did not knowingly believe that they had an interest in the corporation merely because they were officers and directors since it was formed solely with the funds of Ms. Reynolds.

An Order will be entered dismissing the complaint objecting to discharge, and the Court will consider whether or not a further investigation should be made to determine if the advice given to the bankrupts was proper under all the circumstances.