### In re BROWN.

(District Court, D. Vermont. September 7, 1905.)

No. 1,561.

BANKRUPTCY—DISCHARGE—TRANSFER OF PROPERTY TO DEFRAUD CREDITORS.

An agreement between a bankrupt and his wife, made within four months prior to his bankruptcy, by which he undertook to transfer certain property to her as a preference, but which was void under the state statutes for want of power of the parties to contract with each other, and not accompanied by any actual transfer or removal of the property, which passed into the hands of the trustee, does not constitute a transfer or removal with intent to hinder, delay, or defraud creditors, which will deprive the bankrupt of his right to a discharge, under Bankr. Act July 1,

1898, § 14b (4), 30 Stat. 550, c. 541 [U. S. Comp. St. 1901, p. 3427], as amended by Act Feb. 5, 1903, 32 Stat. 797, c. 487, § 4 [U. S. Comp. St. Supp. 1903, p. 411].

In Bankruptcy. On motion to recommit report of referee.

Max L. Powell, for creditor.
Rufus E. Brown, for bankrupt.

WHEELER, District Judge. This cause has been heard on motion to recommit the report of the Referee on objections to discharge. The grounds of objection are concealment of assets. They rest upon the amendment of 1903, which bars a discharge if the bankrupt has within the four months "transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed any of his property with intent to hinder, delay, or defraud his creditors." A bakery, with teams and store fixtures, are claimed to have been assets concealed; but the uncontradicted testimony of the wife of the bankrupt showed them to belong to her. A grocery of the bankrupt on the same premises appears to have been by him in some form transferred to her within the four months, but not altered in situation, and to have been omitted from the schedules when made, but afterwards by leave of court put in by amendment, and to have gone to the trustee. So far as mere contract of transfer between the bankrupt and wife would go, it would remain in this state as at common law, and be void, as they are not enabled to contract together. V. S. 2644. Such a contract might be carried out by removal, destruction, or concealment, so as to amount to an actual transfer, or come within the prescribed permission; but there is no evidence that this one was. On the contrary, the grocery property appears to have remained where it had been all the while till it went into the schedules and the hands of the trustee. There does not appear to have been any actual transfer, removal, destruction, or concealment of this property, nor any permission of such, for there was none. Further, the prescribed transfer is one to delay, hinder, or defraud creditors generally, and not one to give a preference; and the wife testified she was a creditor, and the transfer might have been good to secure her, if it had amounted to any transfer at all. There does not appear to be any sufficient ground for opening the case and recommitment for further findings.

Motion overruled.