## UNITED STATES v. COMSTOCK et al.

### (Circuit Court, D. Rhode Island. May 26, 1908.)

### No. 2,626.

CONSPIRACY—OFFENSES AGAINST BANKRUPT LAWS—INDICTMENT.

> An indictment under Rev. St. § 5440 (U. S. Comp. St. 1901, p. 3676), for conspiracy to conceal property from a trustee in bankruptcy, in violation of Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), is insufficient, where it does not use the statutory words "knowingly and fraudulently" in characterizing the offense to which the conspiracy related, or any equivalent therefor.

On Demurrer to Indictment.

See 161 Fed. 644; 162 Fed. 416.

Charles A. Wilson, U. S. Atty., and Geo. H. Huddy, Asst. U. S. Atty.

Walter H. Barney and J. J. Hahn, for defendant.

BROWN, District Judge. This is an indictment under section 5440 of the Revised Statutes (U. S. Comp. St. 1901, p. 3676), for conspiracy. It charges that the defendants—

"did conspire, combine, confederate, and agree together to commit an offense against the United States, to wit, to conceal, while the said Benjamin W. Comstock was a bankrupt, from his trustee in bankruptcy, to wit, from Arthur P. Johnson, trustee in bankruptcy of said Benjamin W. Comstock, property belonging to the bankrupt estate of said Benjamin W. Comstock, and to receive a material amount of property from said Benjamin W. Comstock after the filing of a petition in bankruptcy against said Benjamin W. Comstock," etc.

The principal point on demurrer is that the indictment does not charge a conspiracy to commit any offense defined by the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), and that essential ingredients of the statutory offense are omitted from the indictment. In section 29b punishment is provided upon conviction of the offense of having knowingly and fraudulently (1) concealed while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy; (4) received any material amount of property from a bankrupt after the filing of the petition with intent to defeat this act.

The words "knowingly and fraudulently" are an essential part of the statute, and describe an essential ingredient of the offense. The omission of these words, or any equivalent, is, in my opinion, fatal on demurrer.

Demurrer of John M. Peck is sustained.