### KLEIN v. POWELL et al.

(Circuit Court of Appeals, Third Circuit. November 29, 1909.)

#### No. 37.

BANKRUPTCY (§ 408*)—DISCHARGE—OBJECTIONS—CONCEALMENT OF ASSETS—"KNOWINGLY AND FRAUDULENTLY."

Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), provides that a bankrupt shall be discharged unless he has committed an offense punishable by imprisonment, and section 29b declares that a person shall be punished by imprisonment on conviction of having "knowingly and fraudulently" concealed while a bankrupt, or after his discharge, property belonging to his estate. *Held*, that the words "knowingly and fraudulently," as so used, must have their natural significance in considering a charge of concealment in opposition to a discharge, and hence, where the bankrupt received $85.10 as the unearned part of certain insurance premiums on lapsed policies, and he used the same to pay rent after his counsel, who was also counsel for the creditors, had advised him that the money belonged either to an insurance society or to his wife, he did not "knowingly or fraudulently" conceal property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 735; Dec. Dig. § 408.*

For other definitions, see Words and Phrases, vol. 5, pp. 3937–3939; vol. 3, pp. 2955–2957.]

Appeal from the District Court of the United States for the Western District of Pennsylvania, in Bankruptcy.

Application by John F. Klein, bankrupt, for discharge, to which W.

J. Powell and another filed objections. From an order sustaining the objections, the bankrupt appeals. Reversed, with instructions.

L. C. Barton, for appellant.

Charles A. Woods, for appellees.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

GRAY, Circuit Judge. On August 7, 1907, a creditors' petition was filed against John F. Klein, the appellant, on which he was, on August 24, 1907, adjudged a bankrupt. On January 28, 1908, he presented his petition for a discharge, and the customary order was made returnable February 28, 1908. On this return day, a claim, which had been proved and allowed by the referee October 11, 1907, was assigned to Powell, the appellee, who thereafter, within the time allowed by the referee as a party in interest, made several objections to the said discharge, all of which thereafter were disallowed by the referee, except the fifth objection, which is, that the said John F. Klein concealed from his trustee the sum of $85.10, which he received on or about December 31, 1907, proceeds from a policy of life insurance or deposit for premium made thereon prior to bankruptcy. This objection was sustained by the referee in bankruptcy, as special master, in the following language:

"It appears that on or about the date specified, the bankrupt received from the insurance company the sum of $85.10, to which his trustee was clearly entitled, and that he used it for his own purposes in paying a pressing bill for rent, in spite of the advice of his counsel."

Section 14b of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), provides that the application of a bankrupt for a discharge shall be heard, with such proofs and pleas as may be made in opposition thereto by parties in interest, and that the applicant shall be discharged, unless he has (1) committed an offense punishable by imprisonment, as herein provided. This provision is found in section 29b, as follows:

"A person shall be punished by imprisonment * * * upon conviction of the offense of having knowingly and fraudulently concealed while a bankrupt or after his discharge from his trustee any of the property belonging to his estate in bankruptcy."

We have carefully examined the testimony contained in the record, and have failed to find any evidence that the money received from the insurance company by the bankrupt, was "knowingly and fraudulently concealed by him." On the contrary, it appears that he had, long before his bankruptcy, borrowed from the insurance company the full amount loanable on his policies, and this $85.10 was the amount of two partial payments made on account of premiums on April 29, 1907 and on June 5, 1907, respectively, when he was given an extension until November 28, 1907, after which, the balance due not having been paid, the policy lapsed. The policy was a tontine policy, payable at his death to his wife, in case she survived him. It is doubtful from the testimony whether, on account of the loans above referred to, the policy had any cash or surrender value. At all events, the $85.10 does not appear to have been paid on this account, but as a return of the partial pay-

ments on premium, to which the agent of the company did not think it entitled after the lapse of the policy. The controlling fact, however, appearing in the record, is the uncontradicted testimony of the counsel for the bankrupt, who was also counsel for the creditors and the trustee, that the appellant consulted him in regard to this refund from the insurance society, and was told by said counsel that in his—

"opinion, this money belonged to the Equitable Life Assurance Society, they having an assignment of these policies. I told him this. I advised him not to use the money for this reason, that we doubted the authority of the society to cancel its policies, and if he accepted this check, it would ratify the act, but I told him I thought the money was his wife's or that of the Assurance Society."

There is no other testimony in regard to this payment, that in the least degree impugns the good faith of the appellant, or suggests fraudulent concealment from the trustee. Conceding that not every concealment which is sufficient to bar a discharge will result in an indictment and conviction, it is nevertheless true, that the words "knowingly" and "fraudulently" must have their natural significance given to them, when considering a charge of concealment made in opposition to a discharge. It must at least appear, by a clear preponderance of testimony, that the concealment charged was practiced knowingly and fraudulently. It is noticeable that, of the six reasons for refusing a discharge recited in section 14b, all except the last two (which stand by themselves on a ground that affects the administration of the law) imply moral turpitude on the part of the bankrupt.

For the reason stated, therefore, the bankrupt should have been discharged by the court below, and the order refusing the discharge is hereby reversed, with instructions for the entry of an order discharging the bankrupt.