### HILT et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 24, 1922.)

No. 3763.

Conspiracy ⬤➼43(6)—Intoxicating liquors ⬤➼211—Indictment for conspiracy and possessing liquor held not to charge an offense.

An indictment charging in one count that defendants conspired to violate title 2 of the National Prohibition Act (41 Stat. 305) in that they "would then and there possess certain intoxicating liquors (describing them), contrary to the provisions of said act," and in the second count that the same persons, at the same time and place, "unlawfully and knowingly did possess certain intoxicating liquors" described, held insufficient to charge an offense in either count.

In Error to the District Court of the United States for the Southern District of Florida; William I. Grubb, Judge.

Criminal prosecution by the United States against William T. Hilt and others. Judgment of conviction, and defendants bring error. Reversed.

Bart A. Riley, R. B. Gautier, and Robert R. Taylor, all of Miami, Fla., for plaintiffs in error.

The United States Attorney and Maynard Ramsey, Asst. U. S. Atty., of Jacksonville, Fla.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The plaintiffs in error were convicted on the first and second counts of the indictment. The first count charged that, at a time and place stated, the plaintiffs in error and two other persons "unlawfully and knowingly did combine, conspire, confederate, and agree to commit an offense against the United States; that is to say, to violate title 2 of the National Prohibition Act, in this, to wit, that the said" persons, naming them, "would then and there possess certain intoxicating liquors, to wit, about two hundred cases of intoxicating liquor, contrary to the provisions of said act." The just-quoted averment was followed by an averment of the commission of overt acts. The second count charged that the same persons, at the same time and place, "unlawfully and knowingly did possess certain intoxicating liquors, to wit, about two hundred cases of Cuban cognac."

The question of the sufficiency of each of those counts was duly raised by demurrer and motion to quash, on grounds which included the following: Because said count does not charge any offense under the laws of the United States, and because said count does not set forth how or in what manner the alleged possession of intoxicating liquor was unlawful. Neither of the counts mentioned states any fact or facts showing that the alleged possession was accompanied by such a purpose or intent, or was under such circumstances, as to render it a violation of any law. The facts averred are consistent with the alleged possession of intoxicating liquors being a legally permitted one. The averments do not show that the conduct charged had the elements required to make it a crime against the United States.

We are of opinion that each of the counts is fatally defective. It follows that the judgment should be reversed; and it is so ordered.

Reversed.