## BROWN v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
October 11, 1927.

No. 5031.

1. Conspiracy ⊖→43(6)—Count of conspiracy indictment is demurrable, if failing to show object of conspiracy to be offense against United States (Criminal Code [18 USCA § 88]).

Demurrer to count of indictment under Criminal Code, § 37 (18 USCA § 88) is well taken, if the allegations of the count fail to show that what accused conspired to do constituted an offense against the United States.

2. Conspiracy ⊖→43(6)—Indictment for conspiracy to transport intoxicating liquor must show it was to be fit for beverage purposes (National Prohibition Act [27 USCA § 13]).

Indictment charging conspiracy to transport intoxicating liquor between certain places, but not showing that it was to be fit for beverage purposes, and so not within the exceptions of National Prohibition Act, tit. 2, § 4 (27 USCA § 13), fails to show an essential element of the offense constituting the object of the conspiracy.

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Samuel P. Brown was convicted under a count of an indictment for conspiracy, and he brings error. Reversed.

David S. Atkinson, of Savannah, Ga., and Julian C. Ryer, of Miami, Fla., for plaintiff in error.

Chas. L. Redding, U. S. Atty., of Savannah, Ga.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The plaintiff in error was convicted under a count of the indictment which charged that he and another person, at a time and place stated, did "unlawfully, willfully, knowingly and feloniously confederate and agree among themselves to commit an offense against the United States, to wit, to violate an act of Congress known as the Prohibition Act, by transporting intoxicating liquors from the city of Savannah, Ga., to the city of Chicago, state of Illinois, in violation of said act." That count was unsuccessfully demurred to on the following among other grounds: "That said count 1 is defective and insufficient in law, in that it avers that the said defendants confederated and agreed to violate an act of Congress by transporting 'intoxicating liquors,' whereas the words 'intoxicating liquors,' being descriptive, should have been more particularly defined; that the transportation of 'intoxicating liquors' does not state an offense, any offense against the United States; and whereas said averment should have said that the intoxicating liquors were 'intoxicating liquors fit for beverage purposes,' or 'were fit for use for beverage purposes.'"

[1, 2] The demurrer was well taken if the allegations of the count failed to show that what the accused conspired to do constituted an offense against the United States. Criminal Code, § 37 (18 USCA § 88); Williamson v. United States, 207 U. S. 425, 447, 28 S. Ct. 163, 52 L. Ed. 278; Anderson v. United States (C. C. A.) 260 F. 557; United States v. Eisenminger (D. C.) 16 F.(2d) 816. The allegations of the count show that what the accused confederated and agreed among themselves to do was to transport intoxicating liquors from Savannah, Ga., to Chicago, Ill. Those allegations do not show that the liquor agreed to be transported was to be fit for use for beverage purposes. They are consistent with the conclusion that what the accused agreed to transport was liquor not fit for use for beverage purposes. There are liquors which are intoxicating, but not fit for use for beverage purposes, which are not subject to the provisions of the National Prohibition Act. Section 4, tit. 2, 41 Stat. 309 (27 USCA § 13). The allegations of fact contained in the count in question could be sustained by proof that the accused agreed to transport from Savannah, Ga., to Chicago,

Ill., liquors which were intoxicating, but not fit for use for beverage purposes or subject to the provisions of the National Prohibition Act. The failure of the allegations of the count to show that the liquors agreed by the accused to be transported were liquors subject to the provisions of the National Prohibition Act as to transportation was a failure to allege an essential element of the offense which the count undertook to charge was conspired to be committed. Brauer v. United States (C. C. A.) 299 F. 10. The averments of the count fell short of showing that the conduct charged had the elements required to make it a crime against the United States. Hilt v. United States (C. C. A.) 279 F. 421; United States v. Eisenminger, supra. We conclude that the count in question was defective and subject to demurrer on the above set out ground. It follows that the ruling under consideration was erroneous.

Because of that error, the judgment is reversed.