**WISHART v. UNITED STATES.**

Circuit Court of Appeals, Eighth Circuit.
October 20, 1928.

No. 8048.

George A. Bangs, of Grand Forks, N. D., for plaintiff in error.

Seth W. Richardson, U. S. Atty., of Fargo, N. D.

Before LEWIS and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. Plaintiff in error, together with one Carl Anderson, one Francis McKee, and one Walter Wishart, a nephew of plaintiff in error, were indicted for conspiracy to violate the provisions of section 593(b) of the Tariff Act of 1922 (19 USCA § 497), by importing and bringing into the United States certain intoxicating liquor, to wit, whisky and wine, contrary to law in the following respects, without reporting the same to an officer of the United States customs at the border, without securing a permit to bring the same into the United States, without unlading the same in the presence of a customs officer, and without securing a permit to bring the same into the United States from the Commissioner of Internal Revenue. Thereafter, as the overt act, it is stated that said liquor was brought into the United States by vehicle fraudulently and knowingly, and without such required acts on the part of the defendants. William Wishart was tried alone. It was stated at argument that Walter Wishart was not arrested. Anderson and McKee testified for the government. The trial resulted in a verdict of guilty, and judgment accordingly.

The points urged by counsel for plaintiff in error may be reduced to three: (1) That the evidence is insufficient to support the verdict; (2) errors of commission and omission in the charge of the court; (3) that the indictment does not state a public offense, and does not directly allege the acts constituting the offense charged as the subject of the controversy, and therefore that the demurrer interposed thereto should have been sustained.

1. At the close of the entire case the claimed insufficiency of the evidence was not called to the attention of the court by demurrer or motion of any kind. In such case, the question is not here for review, provided there is in the record any substantial evidence to sustain the verdict. Rossi v. United States (C. C. A. 8) 9 F.(2d) 362–365; Havener v. United States (C. C. A. 8) 15 F.(2d) 503; Simpson v. United States (C. C. A. 8) 184 F. 817; Rimmerman et al. v. United States (C. C. A. 8) 186 F. 307. An examination of the record discloses that substantial evidence to support the verdict was present. This assignment may therefore be dismissed without further consideration.

2. The objections to the charge of the court are three in number: (a) The following with respect to the testimony of the government witnesses Anderson and McKee:

"Mr. Wishart claims that he never at any time or at any place had any arrangement or agreement with Anderson or McKee, or anyone else, to smuggle liquor from Canada into this country; he denies that any conversation took place with McKee and Anderson at Estevan or anywhere else relative to smuggling liquor; denies that he on his farm gave Anderson forty-five dollars to buy liquor in Estevan; denies he ever saw any liquor in their possession or at his farm, and denies that Anderson and McKee were on the farm

at all on the 6th day of January, and that they left the day before. If the testimony of the witnesses McKee and Anderson is true, as to the making of the agreement, and the act was done by reason of it, then Wishart is guilty of the crime charged in this indictment. If McKee and Anderson have testified falsely then Wishart is innocent of the charge which is made against him; and, of course, if Wishart has told the truth, then McKee and Anderson have lied; and the reverse of that would be true—if they told the truth then Wishart has not told the truth."

It is claimed that a verdict of conviction was thereby made dependent, not upon the jurors' belief beyond a reasonable doubt in the guilt of the defendant, but upon whether or not the testimony of certain witnesses was believed; also, that the language quoted is argumentative in selecting out and calling to the attention of the jury certain testimony, and making the verdict depend thereon. The jurors, however, were told that they were the sole and exclusive judges of the facts in the case, and that if, after a full and fair consideration of all the evidence, there was in their minds a thorough conviction of the guilt of the defendant, they should have no hesitation in finding him guilty; if, on the other hand, they had in their minds, after such a consideration, no thorough conviction of his guilt, they should have no hesitation in finding him not guilty. The language complained of amounted to no more than advising the jury of what, under the evidence presented, would be sufficient to justify a verdict. The court did not imply that the jury would be required to find the defendant guilty or not guilty accordingly as it might or might not believe certain of the testimony.. The entire scope of the conspiracy, and of the overt act committed thereunder, appeared in the testimony of Anderson and McKee. The court had already recited, with sufficient fullness, the crucial facts establishing the charge and the defense. We do not perceive that the charge was argumentative, nor that it ignored vital and important facts on behalf of the defendant. The point is ruled against plaintiff in error.

■ (b) It is next urged that the court erred in neglecting to instruct and caution the jury against giving too much reliance to the testimony of accomplices and to require corroborating testimony before giving credence to them. No instruction to this effect was asked on behalf of the defendant, nor was any exception preserved to the failure of the court to charge upon this point. However, in federal jurisdictions conviction may be had upon the uncorroborated testimony of accomplices.

"While it is the better practice in criminal cases for courts to caution juries against too much reliance on the testimony of accomplices and against believing such testimony without corroboration, mere failure to give such an instruction is not reversible error." Caminetti v. United States, 242 U. S. 470, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Holmgren v. United States, 217 U. S. 509, 30 S. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778. This court has many times so decided. Lett v. United States, 15 F.(2d) 686; Graham v. United States, 15 F.(2d) 740; Rossi v. United States, 9 F.(2d) 362.

■ (c) Error is assigned to the charge of the court respecting the character testimony introduced on behalf of the defendant. Here, again, no instruction upon this phase of the testimony was requested nor was any exception taken to the charge given by the court. The portion of the charge involved is as follows:

"There has been testimony introduced as to the character and reputation of Mr. Wishart. Testimony of good character should be considered by you along with all of the evidence in the case, giving it such weight as you consider it entitled to. Remember that a man cannot use his good character or reputation as a cloak to cover his wrongdoing, and a man of good reputation who commits a crime is just as guilty as a man of bad reputation who commits the same crime. But it is of course true that upright, honorable men do not usually commit offenses against the laws of their country; so that when a man is charged with a crime, he should be permitted to show what his reputation is in the community in which he lives. If the testimony as to good character raises in your mind, after considering fairly and fully all the evidence in the case, a reasonable doubt as to the guilt of the defendant, you will find him not guilty."

While this instruction does not follow the precise formula frequently approved by the Supreme Court and federal courts generally, nevertheless the substance is preserved. In the absence of prejudice amounting to a failure of justice, we do not feel called upon to apply the rule invoked in the absence of exception to the charge.

■ At the hearing before us some point was made upon the use in the charge of the word "smuggling" as not being properly defined. "The word 'smuggling' had a well-understood import at common law; and, in the absence

of a particularized definition of its significance in the statute creating it, resort may be had to the common law for the purpose of arriving at its meaning." Keck v. United States, 172 U. S. 434, 435, 19 S. Ct. 254, 258 (43 L. Ed. 505). The court, after reciting the requirements of law with respect to the importation of intoxicating liquor into the United States, used the word "smuggle" for the purpose, as was said, of putting the matter in more simple language. There can be no doubt that the jury understood what was meant by the term as used, and that that term was therefore sufficiently defined.

■ 3. We come finally to the contention that the indictment does not state a public offense. It is in the following language:

"The grand jurors of the United States of America, within and for the district of North Dakota, good and lawful men, duly selected, impaneled, sworn and charged, upon their oaths present: That on or about the 6th day of January, 1927, at a point about fifteen miles west of Portal, Burke county, North Dakota, and immediately south of the international boundary line between the United States and the Dominion of Canada, and within the jurisdiction of this court, one Carl Anderson, Francis McKee, William Wishart and Walter Wishart did conspire and agree together to commit an offense against the United States and its laws, in violation of section 37 of the federal Penal Code (18 USCA § 88), in that the said Carl Anderson, Francis McKee, William Wishart and Walter Wishart, hereinafter in this indictment designated as 'the defendants' at the said time and place, unlawfully and feloniously conspired together to violate the provisions of section 593(b) of the Tariff Act of 1922, by importing and bringing into the United States, certain intoxicating liquor, to wit, whisky and wine, by importing and bringing the same into the United States contrary to law, to wit, without reporting the said merchandise to an officer of the United States customs, at the border between the said Dominion of Canada and the United States, and without thereafter securing a permit to bring the said merchandise into the United States, and without unlading the same in the presence of a customs officer of the United States, and without securing a permit to bring said intoxicating liquor into the United States from the Commissioner of Internal Revenue, as provided by section 813 of Schedule 8 of the Tariff Act of 1922 [19 USCA § 121, Schedule 8, par. 813]. And that thereafter and in furtherance of said conspiracy, the said defendants, as an overt act, did, at the above named time

and place, fraudulently and knowingly import and bring into the United States from the Dominion of Canada, certain intoxicating liquor, to wit, one case of whisky and two gallons of wine, said intoxicating liquor being imported and brought into the United States by vehicle, and contrary to law, in that said merchandise was imported and brought into the United States without reporting the said merchandise to an officer of the United States customs, at the border between the said Dominion of Canada and the United States, and without thereafter securing a permit to bring said merchandise into the United States, and without unlading the same in the presence of a customs officer of the United States, and without securing a permit to bring said intoxicating liquor into the United States from the Commissioner of Internal Revenue, as provided by section 813 of Schedule 8 of the Tariff Act of 1922. This contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America."

It was challenged by demurrer, the principal ground being that in the charging part it did not state that the importation was made "fraudulently or knowingly." The substantive offense which was the subject of the alleged conspiracy is defined in section 593(b) of the Tariff Act of September 21, 1922 (42 Stat. 982), now appearing as section 497 of title 19, United States Code Annotated. The provisions of the act applicable here are the following:

"If any person fraudulently or knowingly imports or brings into the United States, or assists in so doing, any merchandise, contrary to law, * * * the offender shall be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for any time not exceeding two years, or both."

It will be seen that the importation must have been made fraudulently or knowingly, otherwise no offense has been committed. Both words are used in describing the overt act, but both are omitted in the charging part of the indictment. It is well established that an "indictment must set forth the offense with clearness and all necessary certainty to apprise the accused of the crime with which he stands charged, and every ingredient of which the offense is composed must be accurately and clearly alleged." United States v. Cruikshank et al., 92 U. S. 542, 23 L. Ed. 588; Pettibone v. United States, 148 U. S. 197, 13 S. Ct. 542, 37 L. Ed. 419; Fontana v. United States (C. C. A. 8) 262 F. 283; Martin v. United States (C. C. A. 8) 168 F. 198; Anderson v. United States (C. C. A.

8) 260 F. 557; Brenner v. United States (C. C. A. 2) 287 F. 636; Hilt v. United States (C. C. A. 5) 279 F. 421; Myers v. United States (C. C. A. 8) 15 F.(2d) 977; Brown v. United States (C. C. A. 5) 21 F.(2d) 827; United States v. Behrman, 258 U. S. 280, 42 S. Ct. 303, 66 L. Ed. 619.

And this rule applies to a statement of the offense against the United States which is made the subject of conspiracy as well as to an indictment for the substantive offense itself. Salla v. United States (C. C. A. 9) 104 F. 544; Jung Quey v. United States (C. C. A. 9) 222 F. 766; Conrad v. United States (C. C. A. 5) 127 F. 798; Hilt v. United States (C. C. A. 5) 279 F. 421; United States v. Comstock (C. C.) 162 F. 415; Brown v. United States (C. C. A. 5) 21 F.(2d) 827; United States v. Eisenminger (D. C.) 16 F.(2d) 816–818. "As the conspiracy is the gist of the offense, it is undoubtedly true that the offense which it is charged the defendant conspired to commit need not be stated with that particularity that would be required in an indictment charging the offense itself." Anderson v. United States (C. C. A. 8) 260 F. 557–558; Gerson v. United States (C. C. A. 8) 25 F.(2d) 49–52; Williamson v. United States, 207 U. S. 425, 447, 449, 28 S. Ct. 163, 52 L. Ed. 278; Goldberg v. United States (C. C. A. 8) 277 F. 211; Hood v. United States (C. C. A. 8) 23 F.(2d) 472–474; Thornton v. United States, 271 U. S. 414–423, 46 S. Ct. 585, 70 L. Ed. 1013.

But the rule thus stated has application only to details and to such particularity as may be desirable to enable a defendant to prepare his defense with greater certainty or convenience. In none of the cases cited, nor in any brought to our attention, has it been applied to excuse the omission of a material ingredient or element of the offense charged. Compare Ledbetter v. United States, 170 U. S. 606–612, 18 S. Ct. 774, 42 L. Ed. 1162; Burton v. United States, 202 U. S. 344–372, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Armour Packing Co. v. United States, 209 U. S. 56–84, 28 S. Ct. 428, 52 L. Ed. 681. Furthermore, if in an indictment for conspiracy the offense has not been sufficiently charged, "it cannot be aided by averments of acts done by one or more of the conspirators in furtherance of the object of the conspiracy." United States v. Britton, 108 U. S. 199, 2 S. Ct. 531, 27 L. Ed. 698; Joplin Mercantile Co. v. United States, 236 U. S. 531, 35 S. Ct. 291, 59 L. Ed. 705; Anderson v. United States (C. C. A. 8) 260 F. 557.

Section 1025, Revised Statutes (18 USCA § 556), has reference to form only, and cannot be invoked to cure the omission of an essential element of the offense sought to be charged. It will be observed that in the statute defining the substantive offense the words "fraudulently" and "knowingly" are in the disjunctive. Therefore, if the act denounced is done either fraudulently or knowingly, the statute is satisfied. The term "fraudulently" evidently relates back to paragraph (a) of section 593 (section 496, title 19, USCA), and refers to fraud upon the revenue of the United States. That offense is not here charged. The word "knowingly" was undoubtedly added to protect against an innocent movement of merchandise across the border, without knowledge on the part of the person charged. The situation then would be similar to that of one who passes counterfeit money without knowledge that it is counterfeit. But such lack of knowledge must be of fact—not ignorance of law. The indictment charges that this importation was to be, and was, contrary to law in the following respects:

"Without reporting the said merchandise to an officer of the United States customs, at the border between the said Dominion of Canada and the United States, and without thereafter securing a permit to bring the said merchandise into the United States, and without unlading the same in the presence of a customs officer of the United States, and without securing a permit to bring said intoxicating liquor into the United States from the Commissioner of Internal Revenue, as provided by section 813 of Schedule 8 of the Tariff Act of 1922."

These duties on the part of the importer are specifically enjoined by statute. Sections 260, 266, 275, 276, 277, and section 121, par. 813, title 19, USCA. And if the defendant, with others, unlawfully and feloniously conspired to do the acts charged, it must have been with knowledge that such acts were contrary to law, and in violation of the statute pleaded. It would, of course, have been stricter and better pleading to have incorporated the words "fraudulently" and "knowingly" in that part of the indictment which charged the conspiracy; but if the context contains or imports a fair equivalent of these words, or either of them, the indictment is not fatally defective. We think the knowledge required is sufficiently pleaded. Furthermore, the indictment states that, in furtherance of the conspiracy charged, the defendants did fraudulently and knowingly

import the intoxicating liquor into the United States.

 While, as has been said, if an indictment for conspiracy wholly omits an essential element of the offense, the omission cannot be cured by the statement of acts done to effect its object, nevertheless reference may be made to the overt acts "for the purpose of ascertaining the sense in which terms are used in charging the conspiracy." Stearns v. United States (C. C. A. 8) 152 F. 900–904; Smith v. United States (C. C. A. 8) 157 F. 721–725. "There can be no doubt that the prevailing tendency now, both in statute law and in decision, is to be satisfied with substance rather than to insist upon rigid adherence to form; an indictment will be held good if it substantially charges the particular offense for which the defendant is about to be, or has already been, tried." Tapack v. United States (C. C. A. 3) 220 F. 445–447. See, also, Martin v. United States (C. C. A. 4) 299 F. 287.

It is clear that the defendant was fully cognizant of the charge he was called upon to meet, and that no prejudice has resulted, or can result, from the form in which the presentment was made. Plaintiff in error was enabled satisfactorily to prepare his defense, and is amply protected against any further prosecution for the same act.

Finding in the record no reversible error, the judgment below is affirmed.