### UNITED STATES v. KNICKERBOCKER FUR COAT CO., Inc., et al.

#### No. 424.

Circuit Court of Appeals, Second Circuit.

July 17, 1936.

Archibald Palmer, of New York City (Sydney Basil Levy and Joseph Giller, both of New York City, of counsel), for appellants.

George Z. Medalie, U. S. Atty., of New York City (George R. Pfann, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellants were convicted on the first count of the indictment charging the concealment of the assets of the Knickerbocker Fur Coat Company, Inc., in contemplation of bankruptcy with intent to defeat the operation of the Bankruptcy Act, § 29b (6), 11 USCA § 52 (b) (6). They were acquitted of the charges of the other counts of the indictment. Section 29b provides:

"A person shall be punished by imprisonment * * * upon conviction of the offense of having knowingly and fraudulently * * * (6) having been an officer or agent of any person or corporation, and in contemplation of the bankruptcy of such person or corporation, or with intent to defeat the operation of this title, concealed or transferred any of the property of the debtor. * * *"

The Knickerbocker Fur Coat Company, Inc., was a New York corporation, manufacturing and selling ladies' fur coats, with places of business in New York City and Binghamton. It was adjudged a voluntary bankrupt on December 22, 1931. On December 28, 1931, it made an offer of composition to its creditors, and hearings were had and consents thereto were signed by some of the creditors. It was established by the receiver of the concealed merchandise that he saw appellant Zuckerkandel at the latter's home in Brooklyn, was informed that appellant had lost money in business, and was asked if he would be able to store some furs for appellant in Newark, N. J. This appellant was an officer of the corporation, and said he did not wish to have the merchandise on hand in the premises of the corporation until after he had settled with his creditors. It was then arranged to send the fur coats to New Jersey, where they were placed in a workshop and later removed to a warehouse by both Zuckerkandel and Lieberman, appellants. They were carried in boxes to New Jersey by Lieberman and Zuckerkandel. Weekly thereafter other boxes, similar to those containing the furs which were first delivered by Zuckerkandel and Lieberman, came to Newark and were placed in the warehouse. Knowledge of the delivery of these additional boxes and their concealment was fully established. They were locked in a vault at the warehouse, and, after the vault became filled, other boxes were stored in another warehouse in Newark. About thirty-seven boxes were stored in this manner. The concealment was discovered when public accountants for a creditor, accompanied by an agent of the government, located one Federbush in Newark who had the keys for the vaults in the two warehouses. Upon opening these vaults, thirty-seven cartons of furs and silks were found. They were then removed to New York and stored there. The merchandise thus concealed was appraised at the auction value of $12,913.

The Knickerbocker Fur Coat Company, Inc., obtained a suspended sentence and is without a judgment from which an appeal lies. United States v. Levinson, 54 F.(2d) 363 (C. C. A. 2); United States v. Lecato, 29 F.(2d) 694 (C. C. A. 2). The individual appellants contend that the first count does not charge an offense defined by section 29b (6), 11 USCA § 52 (b) (6). The first count charges that the corporation, Zuckerkandel as president and Lieberman as treasurer, while officers of the corporation and in contemplation of bankruptcy and with intent to defeat the operation of the Bankruptcy Act, unlawfully, willfully, and fraudulently concealed merchandise and property of the corporation. It refers to the petition in bankruptcy and the adjudication of the corporation as a bankrupt, and sufficiently refers to the concealment of thirty-seven boxes containing furs and silks.

Prior to the amendment of May 27, 1926, section 29b of the Bankruptcy Act con-

tained subdivisions relating to criminal offenses. In connection with the collection and distribution of assets belonging to the estate in bankruptcy, subdivision 6 of section 29 (b) of the Bankruptcy Act, together with subdivisions 7 and 8, was added by the amendment of 1926, at which time subdivisions 1 and 5 were revised and broadened in the scope of their application. Under subdivision 6 of section 29b as amended there need not be a concealment from an officer of the court charged with the custody and control of the property of the estate in bankruptcy. This revision makes it a crime for an officer of a corporation or an agent of a person or of a corporation to conceal or transfer any property of such person or corporation in contemplation of bankruptcy of such person or corporation or with intent to defeat the operation of the Bankruptcy Act. And the crime is complete when the act of concealment or transfer is performed with a criminal intent. Whether the person or corporation whose property is so concealed is subsequently adjudged a bankrupt or makes a composition and settlement with its creditors or is the subject of any bankruptcy proceedings is immaterial to the commission of the offense, but it is important as evidence. The word "debtor" in subdivision 6 is used to limit the property which, when concealed or transferred by a certain person with criminal intent, is the subject-matter of an offense under the statute. It is sufficient under subdivision 6 that there be a contemplation of bankruptcy or an intent to defeat the Bankruptcy Act.

We need not decide whatever doubt there may be as to the power of Congress to define the crime of concealment or transfer of a debtor's property, in contemplation of bankruptcy or with intent to defeat the Bankruptcy Act where bankruptcy of the debtor does not follow the concealment or transfer. Rachmil v. United States, 43 F.(2d) 878 (C. C. A. 9). Here the appellants were charged with the crime after bankruptcy occurred. The power of Congress extends to the offense charged in the present case. The amendment of 1926 was directed against dissipation of the property of interested debtors. But it is apparent that by subdivision 6 Congress intended to create a new offense not already covered by subdivision 1 as amended. It is clear that the word "concealment" was not intended in the Bankruptcy Act to mean exclusively concealment from an officer of the court.

The corporation could not commit the offense within the language of subdivision 6, because it plainly requires that the person committing the crime must be a different person than the one adjudicated a bankrupt, and, if there were only an individual bankrupt, he could not be so considered as to make any act of his a crime. But one may be guilty as a principal under the Criminal Code § 332 (18 USCA § 550) for aiding and abetting an offense under section 29 of the Bankruptcy Act (11 USCA § 52). Reinstein v. United States, 282 F. 214 (C. C. A. 2); Kaufman v. United States (C. C. A. 2) 212 F. 613, Ann. Cas. 1916C, 466. One charged in an indictment as a principal may be convicted on proof of aiding and abetting. Jin Fuey Moy v. United States, 254 U. S. 189, 41 S. Ct. 98, 65 L. Ed. 214; O'Brien v. United States, 25 F.(2d) 90 (C. C. A. 7); Colbeck v. United States, 10 F.(2d) 401 (C. C. A. 7). There is no valid objection to the sufficiency of the first count because the corporation was joined in the indictment.

Judgment affirmed.