## RUTTER v. GENERAL MOTORS ACCEPT-ANCE CORPORATION.

### No. 868.

Circuit Court of Appeals, Tenth Circuit.

April 25, 1934.

A. E. Pearson, of Oklahoma City, Okl. (W. B. Garrett, of Mangum, Okl., and Pearson & Houston and Wesley A. Smith, all of Oklahoma City, Okl., on the brief), for appellant.

Bruce McClelland, Jr., of Oklahoma City, Okl. (Philip Pierce, L. G. Kneeland, and R. O. Bailey, all of Oklahoma City, Okl., on the brief), for appellee.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

LEWIS, Circuit Judge.

The bankrupt appeals from an order denying discharge. The ground of objection here involved set up by appellee, a creditor, is the fourth named in paragraph (b) of section 14 of the Bankruptcy Act, 11 USCA § 32 (b) (4). Three specifications are made: that on December 15, 1930, the bankrupt without a fair and valuable consideration and for the purpose of hindering, delaying or defrauding creditors did transfer and convey to his wife, Jessie Rutter, certain lands and two lots in the town of Mangum, all in Greer county, Oklahoma; that on December 22, 1930, the bankrupt without fair and valuable consideration and with like purpose did transfer etc. to his wife certain lands in Harmon county, Oklahoma; that on January 2, 1931, the bankrupt without fair and valuable consideration and with like purpose did transfer etc. to his wife certain lands in Beckham county, Oklahoma. The lands conveyed were described, consisting of several hundred acres. It will be observed that the three conveyances were made about ten

months before the petition in bankruptcy was filed on October 29, 1931.

Before bankruptcy the objecting creditor here brought suit in the state district court in Greer county, Oklahoma, against the bankrupt and his wife attacking these conveyances, and obtained judgment prior to proceedings in bankruptcy, cancelling them.

■ The District Judge in the court below referred petition for discharge and objections thereto to the referee as special master for hearing and report. When that hearing came on the objecting creditor relied solely upon the decree of the district court of Greer county and the pleadings in that case to establish its objection to discharge, contending that said decree was conclusive proof of bankrupt's purpose to hinder and defraud creditors. The bankrupt objected, tendered himself as a witness and testified under direct and cross examination, but the master held that the testimony so taken was incompetent and inadmissible, and permitted proof on the part of bankrupt to be taken only as a matter of record for certification. In his report he found as a fact that the judgment of the state court supported the objections to discharge, and said as a conclusion of law:

"The question of the transfer of the real estate by the bankrupt to his wife, Jessie Rutter, as shown by the judgment entered in cause No. 5269 in the District Court of Greer County, Oklahoma, is conclusive as against the bankrupt's application for discharge * * *."

The bankrupt filed exceptions to the report. It was certified, and the District Judge entered this order:

"The court has examined the Report of the Referee, the briefs in support thereof and in opposition thereto, and is of the opinion that the law, as stated by the Referee, is fully supported by the record and the Report of the Referee is therefore in all things approved and confirmed. Exception is allowed to the bankrupt. The petition to discharge is denied."

We think the court erred.

Obviously from the pleadings in the state court and the bankrupt's unchallenged testimony in this proceeding he gave the deeds to his wife with the purpose and intention of preferring her as his creditor. The only issue tried and adjudicated in that court was whether the conveyances constituted a voidable preference under the Oklahoma statute. That is plain from the instructions of the court to the jury, the verdict and the decree,

notwithstanding it was also alleged by plaintiff and denied by defendants that it was their purpose to defraud bankrupt's creditors. The court instructed:

"It is the law of this state that all conveyances of real estate made without a fair and valuable consideration are void as to persons who are at the time creditors.

"You are instructed that if you find and believe from a fair preponderance of the evidence that C. H. Rutter conveyed to Jessie Rutter the property mentioned and set up in plaintiff's petition and that such conveyances were made at a time when the said C. H. Rutter was indebted to the plaintiff by reason of his guaranty and thereby became the debtor of the plaintiff and that such conveyances of the property mentioned in plaintiff's petition, to-wit: (Description of property given) were made without the payment by Jessie Rutter to said C. H. Rutter of a fair and valuable consideration for the same, then and in that event your verdict should be for the plaintiff for the cancellation of the deeds of conveyance, irrespective of the question of fraudulent intent.

"But if, on the other hand, you find and believe from the evidence in this cause that the said C. H. Rutter conveyed the said property to the said Jessie Rutter for a full and fair and valuable consideration, even though he was indebted to the plaintiff at the time, then and in that event your verdict should be for the defendant Jessie Rutter.

"A valuable consideration, as used in these instructions, means a thing of value parted with or a new obligation assumed at the time of obtaining the same, which is a substantial compensation for that which is obtained thereby."

The verdict was general, that plaintiff recover $10,000 of C. H. Rutter, $1,000 as attorney fees, "and for cancellation of deeds of conveyance now in controversy." The decree adjudged that the deeds were void as to the plaintiff and that they be cancelled insofar as necessary to liquidate the judgment, and when that was satisfied all of the property not required for that purpose should be returned to Jessie Rutter.

The state statute relied upon to support that proceeding is section 5271 of chapter 33 entitled: Conveyances, Compiled Oklahoma Statutes, 1921:

"Every conveyance of real estate * * * made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, shall be void as against all persons to

whom the maker is at the time indebted or under any legal liability."

Also section 6025 of chapter 37 entitled: Debtor and Creditor:

"Any person in this State indebted to other persons shall have the right to prefer one or more of such creditors in good faith to secure a valid debt, which preference may be manifested by payment, by mortgages, either real or chattel, or by the transfer of personal property or real estate, and if received by the creditor in good faith, such conveyance or mortgage shall be valid in the hands of the mortgagee and constitute a preference to the extent thereof. * * * "

Preceding section 6023 contains this: "the question of fraudulent intent is one of fact and not of law; nor can any transfer or charge be adjudged fraudulent solely on the ground that it was not made for a valuable consideration."

■■ But counsel for appellee argued that a conveyance made without a fair and valuable consideration is fraudulent and is necessarily made with an intent to hinder, delay or defraud creditors. Counsel goes too far as shown by the authority upon which he relies. In re Julius Bros. (C. C. A.) 217 F. 3, L. R. A. 1915C, 89. Judge Rogers, speaking for the court in that case, held in substance that even if there be no actual fraudulent intent still the evidence might be sufficient from which the actual intent could be inferred, and that would be the case in a *voluntary conveyance* by an *insolvent* who received *no valuable consideration.* It cannot be said in this case that there was no consideration passing from Mrs. Rutter to her husband for these conveyances. Her husband testified before the referee as to his indebtedness to her for which she held notes to the amount of more than $20,000, and that she was to credit on those notes the consideration for those transfers. This is undisputed and undenied here. In her answer she set forth the facts in that regard. Nor is there proof before us of the bankrupt's insolvency at the time these conveyances were made. Indeed he testified, and there is no word of proof to the contrary, that after making these conveyances he had a half interest in a brick building at Mangum 50x150 (feet), that he still owned land and houses, Muskogee property, and Pampa property, and Amarillo property. Nor is there any proof of the fair and reasonable value of the lands that were conveyed to Mrs. Rutter, nor of the property that Rutter retained. Moreover, as to the effect of the Greer coun-

ty judgment and inferences therefrom, attention is directed to Oklahoma statute section 6023, supra, which says that no transfer can be adjudged fraudulent solely on the ground that it was not made for a valuable consideration. Here the consideration from Mrs. Rutter was undoubtedly valuable. It may not have been fair as to amount. She mortgaged lands she owned to raise a part of the consideration.

■ "Among creditors equally meritorious, a debtor may conscientiously prefer one to another; and it can make no difference, that the preferred creditor is his wife." Magniac v. Thomson, 7 Pet. 348, 397, 8 L. Ed. 709; Jewell v. Knight, 123 U. S. 426, 435, 8 S. Ct. 193, 31 L. Ed. 190.

The Supreme Court of Oklahoma in construing section 5271 of the statute of that state said in First National Bank v. Little, 122 Okl. 37, 250 P. 799, 801:

"The first part of the section applies to conveyances made without a fair and valuable consideration, and the latter part refers to conveyances of real estate made in bad faith or for the purpose of hindering, delaying, or defrauding creditors, and, therefore, reannounces the common-law doctrine. In an action to set aside a conveyance charged to be fraudulent as to creditors, based upon the latter part of said section, the plaintiff has the burden of both alleging and proving insolvency of the debtor at the time the conveyance was made. * * *

"In the instant case, plaintiff alleges that the conveyance complained of was made without consideration, and, therefore, the case falls within the first part of section 5271, supra, and the plaintiff did not have the burden of pleading insolvency of the defendant G. R. Little at the time said conveyance was made."

Nor did appellee here, plaintiff in the case it brought against Rutter and his wife in Greer county allege in that case that Rutter was insolvent. Appellee's contention is therefore fallacious and without support.

■■ The Bankruptcy Act (section 60 [11 USCA § 96]) defines a preference. The transfer of property by the bankrupt to his creditor must be within four months prior to bankruptcy and made while the bankrupt is insolvent. The Act does not make a preference or the futile attempt to give a preference an objection to discharge. Clearly a preference under a state law cannot be set up for that purpose. There is a clear and broad distinction between a preferential

transfer and a fraudulent transfer. The latter involves moral turpitude. The former does not. The latter prevents discharge. The former does not. Bailey v. Ross (C. C. A.) 53 F.(2d) 783; Van Iderstine v. National Dis. Co. (C. C. A.) 174 F. 518, Id., 227 U. S. 575, 33 S. Ct. 343, 57 L. Ed. 652; Coder v. Arts, 213 U. S. 223, 239 et seq., 29 S. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; Dean v. Davis, 242 U. S. 438, 37 S. Ct. 130, 61 L. Ed. 419; In re Julius Bros. (C. C. A.) 217 F. 3, L. R. A. 1915C, 89; In re Marcus (C. C. A.) 203 F. 29; In re Brown (D. C.) 140 F. 383, 384; In re Maher (D. C.) 144 F. 503; Klein v. Powell (C. C. A.) 174 F. 640.

The order appealed from is reversed. Lacking application to the District Judge for further hearing, to be made by appellee within thirty days after mandate, the discharge should be granted. Mandate may issue instanter.