## UNITED STATES v. FALLMAN.
### No. 13971.

District Court, D. Massachusetts.
June 28, 1939.

Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass.

Harry Bergson, of Boston, Mass., for defendant.

McLELLAN, District Judge.

This indictment charges that the defendant was adjudicated an involuntary bankrupt on November 28, 1934; that subsequently a trustee in bankruptcy was appointed and that on January 25, 1935, the trustee duly qualified and has since continuously acted as trustee. It is charged that the defendant, on or about the 20th of November in the year 1934 and continuously thereafter down to the date of the indictment, did knowingly and fraudulently conceal from the trustee in bankruptcy property belonging to the estate in bankruptcy consisting of $3,200 more or less in money. The defendant demurs to the indictment and the several grounds of demurrer amount in substance to an attack upon the indictment because of the allegation that the date on which the concealment is alleged to have occurred was prior to the adjudication and so prior to the appointment and qualification of a trustee.

It is clear enough that there can be no concealment from a trustee in bankruptcy prior to his appointment and qualification. But the indictment is none the less valid. The alleged continuance of the concealment after the qualification of the trustee is sufficient. Indeed, according to some of the authorities, the prior concealment is admissible in evidence for the purpose of showing, not that a crime was then committed, but by way of inducement to showing a continuance of the concealment after the appointment and qualification of the trustee in bankruptcy, which constitutes a violation of the statute. As stated in Arine v. United States, 9 Cir., 10 F.2d 778, 779, "If a bankrupt conceals his property prior to his bankruptcy, and continues

252

to conceal it after the trustee is appointed, he is guilty of a violation of the statute." See also In re Jacobs & Verstandig, D.C., 147 F. 797; Kaufman v. United States, 2 Cir., 212 F. 613, Ann.Cas.1916C, 466; Glass v. United States, 9 Cir., 231 F. 65; Reinstein v. United States, 2 Cir., 282 F. 214; Gerson v. United States, 8 Cir., 25 F.2d 49.

The demurrer to the indictment is overruled.