**UNITED STATES v. YASSER.**

No. 7448.

Circuit Court of Appeals, Third Circuit.

Aug. 21, 1940.

Rehearing Denied Sept. 30, 1940.

Frederick Posses, of New York City, for appellant.

William F. Smith, Acting U. S. Atty., and Thorn Lord, Asst. U. S. Atty., both of Trenton, N. J., for appellee.

Before MARIS and JONES, Circuit Judges, and BARD, District Judge.

MARIS, Circuit Judge.

The defendant was convicted and sentenced upon an indictment filed in the District Court for the District of New Jersey which charged him and two others with knowingly and fraudulently concealing from the receiver and trustee in bankruptcy of Crawfords, Inc., fur coats and jackets, cloth coats and miscellaneous garments and the

moneys received from the sale and disposal of the same in violation of section 29, sub. b(1) of the Bankruptcy Act, as amended, 11 U.S.C.A. § 52, sub. b(1). The defendant has appealed, contending that the evidence was insufficient to sustain his conviction.

Crawfords, Inc., was adjudicated a voluntary bankrupt and a receiver appointed November 14, 1934. The receiver was appointed trustee December 7, 1934. The evidence indicates that on numerous occasions prior to the bankruptcy, beginning in July, 1934, and ending early in November, 1934, the defendant removed from the bankrupt's premises and sold merchandise valued at $30,000. He gave approximately $7,000 of the proceeds to Saul Hurwitz, the manager of the bankrupt, whom he had persuaded and coerced into allowing the removal. The defendant or his associates retained the remainder of the cash derived from the sales and the unsold merchandise. The defendant was familiar with the books and financial condition of the bankrupt. He was not informed of the proposed bankruptcy by Hurwitz. Summary proceedings were initiated by the trustee against Hurwitz and a turn-over order obtained as to him but no demand was made upon the defendant by the receiver or trustee to surrender or account for the property or cash alleged to have been concealed by him. There is no evidence that he knew of the bankruptcy or of the appointment of the receiver or trustee.

Section 29, sub. b, of the Bankruptcy Act, as amended, provides in part: "b. A person shall be punished by imprisonment for a period of not to exceed five years or by a fine of not more than $5,000, or both, upon conviction of the offense of having knowingly and fraudulently (1) concealed from the receiver, custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or from creditors in any proceeding under this title, any property belonging to the estate of a bankrupt."

■ At the time the defendant took the merchandise from Crawfords, Inc., and sold it he could not have been guilty of the offense charged, even though he might have intended to conceal the property from the creditors of that corporation, since it was not then a bankrupt. It is his retention of the merchandise or its proceeds after the bankruptcy of Crawfords, Inc., which is relied upon to sustain the charge of wrongful concealment. A necessary element of the crime described in the statute is that the defendant *knowingly and fraudulently* conceal the property. United States v. Comstock, C.C., 162 F. 415; United States v. Rhodes, D.C., 212 F. 513. As used in the statute the adverbs "knowingly" and "fraudulently" must have their natural significance given to them. Klein v. Powell, 3 Cir., 174 F. 640. The essence of the crime is knowingly and fraudulently to conceal *from the receiver or trustee in bankruptcy*. It must, therefore, appear that the defendant had actual knowledge of the existence of a receiver or trustee in bankruptcy or that he wilfully closed his eyes to facts which made the existence of such an officer obvious. Rachmil v. United States, 9 Cir., 43 F.2d 878, certiorari denied, 283 U.S. 819, 51 S.Ct. 344, 75 L.Ed. 1434. At the trial of the present case the government produced no evidence that the defendant knew of the existence of the receiver or trustee in bankruptcy. The trial judge was not asked to instruct the jury that they might infer from the evidence that the defendant wilfully ignored facts making the existence of a receiver and trustee obvious. We need, therefore, not consider whether the evidence would have justified such an instruction. Upon the new trial which we shall order the jury may be instructed by the court upon this point in the light of the evidence then before it.

■ Upon this appeal the government urges that the defendant was not tried and convicted as a principal but rather as an accessory before the fact and, therefore, an abettor under Section 332 of the Criminal Code, 18 U.S.C.A. § 550, which provides with respect to every federal offense that "Whoever * * * aids, abets, counsels, commands, induces, or procures its commission, is a principal." This contention cannot be sustained. The indictment charges the defendant Yasser with having knowingly concealed from the receiver and trustee, not merely with having abetted the concealment. This in itself would not prevent the defendant's conviction of the crime upon evidence indicating that he merely abetted its commission. Jin Fuey Moy v. United States, 254 U.S. 189, 41 S.Ct. 98, 65 L.Ed. 214.[1] In the present case, how-

---

[1] Prior to the amendment of Section 29, subd. b (1), of the Bankruptcy Act by the Act of May 27, 1926, c. 406, Sec. 11, 44 Stat. 665, it applied only to the bank-

ever, the uncontradicted testimony clearly establishes that it was the defendant Yasser who took the leading part in removing the garments from the store of Crawfords, Inc. Indeed his two codefendants appeared not to know what disposition he made of the garments or their proceeds. Consequently if he knew of the existence of the receiver and trustee, the point as to which evidence was lacking, he is guilty of the crime charged as a principal and not as an accessory or abettor. Furthermore even if the evidence had supported a charge that the defendant Yasser merely aided in the removal of the garments by others we think it would still have been necessary to show that he did so with intent to abet the crime charged in the indictment, that is, with the knowledge that they were to be concealed from a receiver or trustee in bankruptcy. Reinstein v. United States, 2 Cir., 282 F. 214.

The judgment is reversed and a new trial is ordered.

---

rupt. A third party could, however, be convicted as an aider or abettor of the bankrupt. Kaufman v. United States, 2 Cir., 212 F. 613, 617, Ann.Cas.1916C, 466. Since the passage of the Act of 1926 the act applies to any person who commits the offense, whether he is the bankrupt or not; consequently anyone may now be convicted as a principal.